# FOUST, ADMINISTRATOR, *v.* MUNSON STEAM-SHIP LINES.

No. 19.   Argued October 15, 1936.—Decided November 9, 1936.

78

Mr. *Simone N. Gazan* for petitioner.

Mr. *Arthur M. Boal,* with whom Mr. *Alfred N. Heuston* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner is the administrator of the estate of Coy E. Foust and, February 1, 1934, commenced an action at law under § 33 of the Merchant Marine Act of 1920 [1] in

[1] " . . . in case of the death of any seaman as a result of any . . . personal injury [suffered in the course of his employment] the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury. . . . Jurisdiction in

the United States court for the southern district of New York against the Munson Steamship Lines. His complaint alleges that, February 27, 1930, while deceased was at work for defendant as seaman on its steamship Mundelta, his death was caused by defendant's negligence, and, for the benefit of petitioner as surviving father, prays damages in the sum of $15,000. Defendant's answer denies the negligence charged against it and alleges decedent's death was caused by risks assumed and his own negligence.

June 11, 1934, defendant filed its petition for reorganization under § 77B of the Bankruptcy Act.[2] The petition did not refer to the administrator's claim or to the action brought for its enforcement. Two days after it was filed, the court entered a decree that approved the petition as properly filed, declared the debtor unable to meet its debts as they mature, determined it required relief under § 77B, appointed trustees to take and operate its property and, inter alia, enjoined the institution or prosecution of any action at law against the debtor.

January 26, 1935, petitioner applied for leave to prosecute his suit and supported his application by an affidavit of his attorney suggesting: The debtor is covered by liability insurance; if petitioner gets judgment, he will sue insurer to enforce its liability under § 109 of the Insurance Law of New York;[3] the stay is unjust to the sur-

---

such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located." 46 U. S. C., § 688. *Panama R. Co.* v. *Johnson,* 264 U. S. 375, 391. *Lindgren* v. *United States,* 281 U. S. 38, 40.

[2] Added by § 1, Act of June 7, 1934, 48 Stat. 911, 11 U. S. C., § 207.

[3] "No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee . . . shall be issued or delivered in this state . . . unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the

viving father, gives no advantage to the debtor and benefits only the insurer. The affidavit asserts that plaintiff is entitled to a jury trial and that prosecution of his action at law should not be stayed. The trustees by affidavit of one of their attorneys opposed petitioner's application but did not say that the debtor is not protected by insurance. The court denied petitioner's motion and ordered that a special master be appointed to report on the claim. Petitioner applied to the Circuit Court of Appeals for leave to appeal. After hearing the parties, it filed an opinion announcing that appeal would be granted but that the argument would be confined to the question whether the action can be stayed. Later the court entered an order unqualifiedly allowing the appeal. *Meyer* v. *Kenmore Hotel Co.*, 297 U. S. 160, 165.

After argument, limited as suggested, the court in its first opinion on the appeal held petitioner's claim provable and dischargeable and the district court empowered to stay prosecution of the suit. 80 F. (2d) 859. Then there remained for consideration the question—which had not been argued—whether in the exertion of that power the district court abused its discretion. The court suggested that, if petitioner would stipulate not to use as a claim against the estate any judgment he might recover, there could be no objection to allowing his action to proceed. It held the appeal should not be finally determined without giving the parties a chance to present their views as to whether the district court ought not to allow the action to proceed and directed that, if petitioner failed to file such a stipulation within a specified time, supplemental

person insured shall not release the insurance carrier . . . and stating that in case execution against the insured is returned unsatisfied . . . because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative," against the insurer for the amount of the judgment not exceeding the amount of the policy.

briefs would be received relating to the propriety of the exercise of the judicial discretion of the district court. Petitioner having declined so to stipulate, the parties submitted their briefs. In his, petitioner stated that under the insurance policy the first $2,500 of petitioner's claim would be borne by the insured; that the value of the claim was not over $5,000 and that such stipulation would mean that the administrator would relinquish a substantial part of his claim. Upon consideration of the additional briefs the court in its second opinion on the appeal held that the district court had not abused discretion, and affirmed the order. 82 F. (2d) 289.

As a reason in support of the stay, the first opinion states that jurors often return far larger verdicts in negligence cases than reason justifies, and that the trustees have a right to take that fact into account and not to accede to a method for the liquidation of tort claims that is unusual in bankruptcy unless the ordinary method of proof before a special master would imperil the claimant's rights. In its second opinion the court adopted and emphasized the fact stated in appellant's supplemental brief to the effect that the policy covered not over one-half the value of petitioner's claim. It decided that, as the debtor's estate had a substantial interest in the amount of the recovery, the district judge did not abuse his discretion. The court said: "That mode was more convenient and expeditious than any other and was plainly an advantage to the estate." It added: "If the claim had been fully covered by the insurance so that the carrier was primarily liable for the entire damage, we might have reached a different conclusion; but, under the circumstances, we think the determination of the court below was justified," and affirmed the order appealed from.

The Circuit Court of Appeals rightly held petitioner's claim provable and dischargeable and the district judge empowered to stay proceedings in the suit.

Section 77 B gives to the district judge power, to be exerted in accordance with its provisions, to alter the rights of creditors or any class of them. Subdivision (b) (10) declares the term "creditors" shall include, for all the purposes of the section, the holders of claims of whatever character and whether or not they would otherwise constitute provable claims under the Bankruptcy Act; that the term "claims" includes debts, securities, other than stock, liens, or other interests of whatever character. Subdivision (h) directs that the final decree shall discharge the debtor from its debts and liabilities. Subdivision (c) (8) provides that, if a plan is not proposed or accepted, or if proposed and accepted but not confirmed, the court may direct the estate to be liquidated. Subdivision (k) (4), upon order for liquidation, authorizes to be proved as provided in § 57 claims provable under § 63,[4] but declares that none of the sections mentioned in subd. (k) except subds. (g), (i), (j) and (m) of § 57 [5] and subds. a and e of § 70 [6] shall apply in proceedings under § 77 B unless and until an order has been made directing liquidation of the estate. Mere reading of pertinent parts of the above-mentioned provisions makes it plain that "creditors" and "claims" as used in proceedings under § 77 B are more comprehensive than in the Act before the addition of that section. See *American Surety Co.* v. *Marotta,* 287 U. S. 513, 517. Undoubtedly "creditors," "claims" and "liabilities" to

---

[4] 11 U. S. C., § 103.

[5] These subdivisions relate to claims: (g) of creditors who have received preferences; (i) secured by individual undertaking of another; (j) based on debts owing the United States, a State, etc., as a penalty or forfeiture, and (m) of any estate being administered in bankruptcy. 11 U. S. C., § 93.

[6] These declare: (a) That the trustee succeeds to the bankrupt's title as of date of adjudication; and (e) may avoid any transfer which any creditor of bankrupt might have avoided. 11 U. S. C., § 110.

be dealt with in the reorganization proceeding include petitioner, the cause of action he asserts and the judgment he seeks to recover.

Section 77 B (c) (10), enlarging power conferred by § 11,[7] broadly declares the judge "may enjoin or stay the commencement or continuation of suits against the debtor until after final decree." The exclusive jurisdiction given the court over the debtor and his property, subd. (a), does not imply that the commencement or the carrying on of suits against the debtor must be enjoined or that all claims must be referred to a master for consideration and report. Subd. (c) (11). See *In re Prudence Bonds Corp.*, 75 F. (2d) 262, 263. The power to stay does not imply that it is to be, or appropriately may be, exerted without regard to the facts. The granting or withholding of injunction is left to the discretion of the court.

Was the denial of petitioner's application for leave to prosecute his action at law an abuse of discretion?

The record contains no opinion or statement of the district judge to disclose the grounds on which he rested his denial. In reorganization proceedings neither the Act nor any rule of law entitles debtors or trustees as a matter of right to enjoin the trial of actions such as that brought by petitioner. The court is to exercise the power conferred by subd. (c) (10) according to the particular circumstances of the case and is to be guided by considerations that under the law make for the ascertainment of what is just to the claimants, the debtor and the estate. *Osborn v. U. S. Bank*, 9 Wheat. 738, 866. *The Styria* v. *Morgan*, 186 U. S. 1, 9. *Langnes* v. *Green*, 282 U. S. 531, 541. *Burns* v. *United States*, 287 U. S. 216, 222–223. By § 33 of the Merchant Marine Act, under which the petitioner sued, Congress ordained that upon claims for personal

[7] 11 U. S. C., § 29.

injuries or death suffered in the course of their employment seamen, or their personal representatives may maintain actions at law for damages with the right of trial by jury. The reorganization proceedings are not inherently inconsistent with jury trial for the liquidation of such claims. Unless satisfactorily shown that prosecution of petitioner's action would embarrass the administration of the debtor's estate, the district court should have granted leave.

There is no support for the stay in the suggestion of the Circuit Court of Appeals to the effect that in negligence cases juries often give verdicts larger than reason justifies. It is to be remembered that if without support in the evidence or contrary to the law they may be set aside. *Chicago, M. & St. P. Ry.* v. *Coogan,* 271 U. S. 472, 478. *Gunning* v. *Cooley,* 281 U. S. 90. *Minneapolis, St. P. & S. S. M. Ry.* v. *Moquin,* 283 U. S. 520, 521. It must be assumed that the courts by appropriate exertion of their power will adequately safeguard against verdicts shown to be arbitrary and unjust. While § 33 of the Merchant Marine Act remains in force courts may not assume that claims there specified cannot be justly liquidated by jury trial. Even if shown generally to attend jury trials, the suggested danger would not warrant denial of petitioner's application. We have recently said: "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick* v. *Schiedt,* 293 U. S. 474, 486.

The record does not sustain the statement that the mode of liquidation ordered is an advantage to the estate. On the contrary, the petitioner's verified application for leave to appeal states that the attorney for debtor in the action at law "represents the insurance carrier and consequently the defense of this case will impose no burden

whatsoever, either financial or otherwise, upon the trustees herein or their counsel." That statement has not been denied; nor has it been suggested by the debtor or trustees that the insurer is not bound under the policy at its own expense to defend the suit.

Respondent suggests that the record fails to show that the policy was issued in New York and insists that, unless it was, the insurance may not be taken into account in determining whether the district court abused its discretion. The point is without merit. The affidavit submitted by petitioner states in substance that the debtor is protected by liability insurance and that any judgment recovered by petitioner on his claim will have to be paid by the insurer; that if allowed to establish his claim by jury trial petitioner will then sue insurer under § 109 of the New York Insurance Law for the amount, if any, awarded to him and that the only party benefiting by the delay is the insurance company. It is true that the affidavit does not directly state that the policy is governed by § 109 or that it contains the provisions required by that section, but the affidavit is sufficient adequately to suggest that petitioner claimed that insurer's liability to the debtor is in accordance with the provisions of that section. The debtor and trustees had notice of his application for release from the stay; the trustees appeared to oppose it. They failed to produce the policy or to disclose any of its provisions or whether it was issued in New York.

The injunction was a comprehensive one plainly broad enough to cover petitioner's claim; it was entered without disclosure of the existence of that claim or the pending suit and before petitioner had opportunity to be heard on the propriety of making it apply to him. On his application for leave to bring his suit to trial petitioner was seeking to remove the stay; and under the circumstances the position of debtor and trustees opposing him

and insisting that the restraint be continued was not substantially unlike that of suitors for injunction; the issue was whether liquidation of his claim in that manner would unjustly affect the estate. The facts bearing on that question were known to, or within the control of, the debtor and trustees. They had, and readily could submit to the court, definite evidence in respect of the insurance. Their failure to bring it forward tends strongly to discredit their opposition to petitioner's motion. The circumstances warrant the inference that the facts are not more favorable to respondent than those indicated by the affidavit as the grounds on which the petitioner sought release from the stay, and that, if disclosed, the policy or other evidence as to the insurance would not tend to support injunction against petitioner. *Runkle* v. *Burnham,* 153 U. S. 216, 225. *Kirby* v. *Tallmadge,* 160 U. S. 379, 383. *Mammoth Oil Co.* v. *United States,* 275 U. S. 13, 52. The burden of frank disclosure was upon the debtor and trustees. *Keystone Driller Co.* v. *General Excavator Co.,* 290 U. S. 240, 244. *Cf.* 2 High on Injunctions, 4th ed., § 1474. In the absence of a showing of facts sufficient to require a finding that liquidation of petitioner's claim by jury trial would encumber the reorganization proceedings, the debtor and trustees were not entitled to have the injunction continued in force against petitioner. *Langnes* v. *Green,* 282 U. S. 531, 541.

The Circuit Court of Appeals dealt with the case according to the facts indicated in petitioner's supporting affidavit as modified by the statement taken from his supplemental brief to the effect that the policy did not cover the first $2,500 of the debtor's liability. Petitioner emphasizes the fact that the record does not show the modification and says that his statement as to the amount deductible was made in explanation of his refusal

to stipulate that he would not file against the estate a claim based on the judgment, if any, obtained in the pending suit. 80 F. (2d) 861. He earnestly insists that the court erred in predicating its decision upon that statement. As in the view we take of the case the fact that debtor is only partially insured is not of controlling significance, we do not pass upon that assignment of error.

Assuming that the insurance did not extend to the first $2,500 and the value of petitioner's claim was not more than $5,000, we are of opinion that the order appealed from was an abuse of the discretion vested in the district court by § 77B (c) (10). If petitioner's claim shall be established upon report of a master, grave doubts will arise as to the liability of the insurer to the petitioner. The case would not be within the words of § 109 of the New York Insurance Law. Attempt by petitioner to recover from insurer would encounter difficult questions of construction of a state statute as to which federal courts are not the final authority. *Morehead* v. *Tipaldo,* 298 U. S. 587. The imposition of that method of establishing petitioner's claim is liable to expose him to serious peril of substantial loss. On the other hand, if petitioner is permitted to liquidate his claim by jury trial and shall get judgment, and execution thereon shall be returned unsatisfied because of the debtor's insolvency, his case would appear to be plainly within the words and intent of § 109. That section applying, petitioner would be entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy.

There is nothing in the record to warrant a finding that liquidation of petitioner's claim by trial of his pending action at law would hinder, burden, delay or be at all inconsistent with the pending corporate reorganization

proceeding under § 77B. Injunction against that method of establishing the debtor's liability, if any there is, ought not to stand.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.