**In re McCRORY STORES CORPORATION.**

District Court, S. D. New York.

April 29, 1937.

See, also, 14 F.Supp. 739; 12 F.Supp. 267.

Lind, Shlivek, Marks & Brin, of New York City (Saul S. Brin, of New York City, of counsel), for Ada M. Poole.

Sullivan & Cromwell, of New York City (Alexander M. Grean, Jr., and John F. Dooling, Jr., both of New York City, of counsel), for debtor, McCrory Stores Corporation.

LEIBELL, District Judge.

The petitioner, Ada M. Poole, seeks an order modifying and vacating the provisions of an order of this court, dated July 5, 1934, in so far as it restrains the said Ada M. Poole from prosecuting an action now pending in the Supreme Court of the state of New York, county of New York.

Petitioner's action in the New York court was for false arrest and slander. The summons and complaint were served January 9, 1933. On January 14, 1933, McCrory Stores Corporation was adjudicated a bankrupt in the United States District Court for the Southern District of New York. On July 5, 1934, the bankrupt filed its petition therein for reorganization under section 77B of the Bankruptcy Act, as amended (11 U.S.C.A. § 207), and sought the usual general restraining order. It appears that petitioner's attorneys received notice of an order made in the reorganization proceeding which determined the time and manner of filing creditors' claims and also a notice

to creditors to file claims in said proceeding. Pursuant to said notice claims of creditors had to be filed herein on or before October 1, 1934.

Petitioner's attorneys must have thought that the claim was not dischargeable in the proceeding to reorganize the defendant ·under section 77B of the Bankruptcy Act as amended. They evidently felt that since petitioner's claim ·for false arrest and slander was one involving willful and malicious injury to the person of the petitioner and therefore was of a class that is not dischargeable in a strict bankruptcy proceeding under section 17 of the Bankruptcy Act (11 U.S.C.A. § 35), it was also not dischargeable in the 77B proceeding.

■ However, petitioner's claim is dischargeable in this reorganization proceeding. Section 77B, subsec. (b) (10), of the Bankruptcy Act, 11 U.S.C.A. § 207 (b) (10), in defining the term "creditors," refers to them as holders "of claims of whatever character against the debtor * * * whether or not such claims would otherwise constitute provable claims under this Act [title]." As was stated in Foust v. Munson Steamship Lines, 299 U.S. 77, 82, 57 S.Ct. 90, 81 L.Ed. 49, the terms "creditors" and "claims" as used in proceedings under section 77B are more comprehensive than as used in the Bankruptcy Act before the addition of that section.

The claim of the petitioner, as pleaded in her complaint for false arrest and slander, asserted a claim that was provable in the reorganization proceeding of the defendant instituted in this Court under section 77B of the Bankruptcy Act. Therefore, the stay contained in the order dated July 5, 1934, which restrained the plaintiff from prosecuting the said action in the Supreme Court of the state of New York, was properly issued and should not now be vacated. If petitioner felt that there was' any special reason why she should have been permitted to try her case before a jury instead of submitting proof on a claim herein before the special master she should have made application to have the stay vacated long before this. Meanwhile, the reorganization has for all practical purposes been completed.

As a result of the exchange of briefs of counsel the petitioner's attorneys now ask the court that if it holds that the claim of the petitioner was one that was provable and dischargeable in the 77B proceeding, that the court now grant the petitioner leave to file the claim in the reorganization proceeding.

■ The time to file claims in this reorganization proceeding expired October 1, 1934. The reorganization proceeding itself, while it has not as yet resulted in a final decree discharging the trustee named therein, nevertheless has advanced to this state that a plan of reorganization has been duly confirmed and consummated under decree of this court, dated May 4, 1936, almost a year ago. An order directing the transfer of· property and otherwise providing for carrying out the plan of reorganization was . entered herein on that date. Said order recited the fact that this court by an order dated ·December 27, 1935, approved and confirmed in all respects the plan of reorganization in these proceedings. The order of May 4, 1936, under paragraph 12, returned to the debtor practically all its assets, title to revest in the debtor prior to June 1, 1936, which was fixed as the closing time. There was reserved, however, a fund of $100,000 which the trustee was to hold and "after the expiration of one year and after the Trustee and/or McCrory Stores Corporation have paid, settled or otherwise disposed of all obligations or liabilities of the Trustee then known to the Trustee, the Trustee shall pay over to McCrory Stores Corporation the balance of the cash so reserved." The purpose of this provision was to take care of any claims against the trustee by reason of any obligations or liabilities incurred by the trustee. Petitioner intimates that it may have been the purpose of ·this $100,000 to take care of claims of the debtor which might be thereafter filed. A reading of the order of May 4, 1936, negatives any such assumption. In view of the foregoing, petitioner's request that she be permitted to file a claim in the reorganization proceeding must also be denied. The request comes too late. In re Diana Shoe Corporation (C.C.A.) 80 F.(2d) 92.

Submit order on notice.