**MACK v. PACIFIC S. S. LINES, Limited.**

No. 8466.

Circuit Court of Appeals, Ninth Circuit.

Jan. 12, 1938.

Rehearing Denied Feb. 18, 1938.

J. F. Resleure, of San Francisco, Cal., for appellant.

Keith R. Ferguson, of San Francisco, Cal. (Auten F. Bush, of San Francisco, Cal., of counsel), for appellee.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This appeal is from an order of the District Court denying a petition for modification of a restraining order issued in pro- ceedings under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207.

Appellant charges that, while employed as one of the crew of the appellee's steamship Admiral Y. S. Williams, he was injured on December 8, 1934; that he was incapacitated for a long time thereafter, being confined in a hospital from the time of his injury until shortly before October 21, 1936, at which time he consulted counsel and was first advised that he had a valid cause of action against appellee; that at the same time he was advised of appellee's proceedings as a debtor under section 77B of the Bankruptcy Act.

On September 25, 1935, appellee filed its petition as a debtor under section 77B of the Bankruptcy Act, and on the same day the court below entered an order approving the petition, and directed inter alia: "5. That until the Final Decree of this Court in the above entitled proceeding, all persons, firms, and corporations, whatsoever, and wheresoever situated, located or domiciled, are hereby restrained and enjoined from interfering with, attaching, garnisheeing, levying upon, libeling, or in any manner whatsoever disturbing any portion of the assets, goods, moneys, whether in currency or on deposit, inventory, fixtures, supplies, or other property belonging to, or in possession of, the Debtor, or from taking possession of, or in any way interfering with the same or any part thereof, or from commencing or from continuing any judicial proceeding to enforce any lien, including maritime liens, upon the estate of the Debtor, or from bringing any new suits or actions against the Debtor accruing prior to this date."

Thereafter, and on October 21, 1935, the court below, after ordering that debtor be left in possession of its property, by order directed: "3. That all claims and interests of creditors and stockholders of the Debtor shall be filed or evidenced in these proceedings on or before the 6th day of February, 1936, and that all unliquidated claims against the Debtor upon which suit has been brought and is now pending in any Court, wheresoever situated, may be liquidated in such Courts, where pending, and all unliquidated claims against the Debtor upon which suit has not as yet been brought against the Debtor may be brought in any Federal or State Court having jurisdiction thereof, provided that all such unliquidated claims be liquidated and filed herein on or before February 6, 1936, and that no claim or interest

whatsoever shall be allowed to participate in any plan or reorganization of the Debtor, except upon Order for cause shown, unless filed or evidenced on or before February 6, 1936."

On October 21, 1936, appellant filed a petition in the court below for the modification of the restraining order, asking that: " * * * The order of this Court issue modifying the restraining order herein to permit petitioner to file an action at law under section 33 of the Merchant Marine Act of 1920 [46 U.S.C.A. § 688] in the Circuit Court of the State of Oregon for the County of Multnomah, and proceed therein to judgment; and if he shall recover judgment to permit petitioner to file a contingent claim herein for the deductible amount of debtor's Protection and Indemnity insurance, without using said judgment to prove his claim herein, and enforce his remedies for the excess, if any, against debtor's insurer or insurers, as provided by the laws of the State of California; or in the alternate to permit the filing of a claim herein, after judgment, for a sum not exceeding the said deductible amount under said insurance nor the amount of said judgment, said claim to be proven under the usual procedure provided for the proof of claims against a debtor in reorganization without using said judgment in any way to prove said claim; and for an order directing said debtor presently to disclose to petitioner the said amount of said deductible."

On November 20, 1937, appellant's petition was denied, and on January 23, 1937, appellant's motion for reconsideration thereof was denied.

Appellant urges but one question, to wit, Did the court below abuse its discretion in refusing to modify the restraining orders?

Perusal of the petition and answer justify the conclusion that though inartistically drawn with respect to allegations and denials there is enough to spell out a request by petitioner of a modification of the restraining order for the purpose of reducing his claim to judgment and then seeking redress against an insurer.

■ It is argued by appellee that upon the record appellant was guilty of laches in filing his petition with the court below.

While it is not apparent that the order of denial by the court below was based upon a consideration of laches, we think it sufficient to say that it does appear that petitioner was confined in hospitals a great portion of the time since the alleged injury and that he was not aware of his rights or remedies. If indulgence is ever to be granted to one who delays attempted enforcement of a claim, we think it might have well been accorded here, in view of the doctrine laid down in Foust v. Munson S. S. Lines, 299 U.S. 77, 83, 57 S.Ct. 90, 94, 81 L.Ed. 49, wherein the court said, with respect to the issuance of orders enjoining the trial of actions at law, "the court is to exercise the power conferred by subdivision (c)(10) [section 77B], 11 U.S.C.A. § 207(c)(10), according to the particular circumstances of the case and is to be guided by considerations that under the law make for the ascertainment of what is just to the claimants, the debtor and the estate."

Of course the granting or withholding of the injunction was a discretionary matter, but this does not mean that the reorganization proceedings are "inherently inconsistent with jury trial for the liquidation" of a claim such as that alleged by petitioner.

■ There is nothing in the record before us which even suggests a substantial reason for finding that liquidation of petitioner's claim by trial in an action at law would hinder, burden, delay, or be at all inconsistent with the pending corporate reorganization, and such finding seems to be the real test for determining whether or not the restraining order should have been modified as prayed for by petitioner. Foust v. Munson S. S. Lines, supra, 299 U.S. 77, 87, 57 S.Ct. 90, 94, 81 L.Ed. 49. In that case the Supreme Court said with respect to a similar petition and order: "Unless satisfactorily shown that prosecution of petitioner's action would embarrass the administration of the debtor's estate, the District Court should have granted leave."

We think that the facts here cannot be distinguished in any substantial degree from those contained in Foust v. Munson S. S. Lines, supra. With respect to the situs of the forum in which petitioner may be allowed to seek liquidation of his claim, we note that petitioner expresses a willingness that the modification order designate any forum where jurisdiction of the debtor may be obtained.

Upon the authority of Foust v. Munson S. S. Lines, supra, the order of the court below is reversed.