## In re B. M. O. CORPORATION.

District Court, S. D. New York.
May 23, 1938.

Morris Berkow, of New York City, for petitioner.

Ireland & Cohen, of New York City, for debtor.

PATTERSON, District Judge.

Petition for reorganization was filed on March 21, 1938. On the same date an order was made in the usual course, staying prosecution of suits against the debtor. One Brunetti later brought action against the debtor in the City Court on two counts, one for slander and one for assault, the allegation being that the acts complained of were committed by one of the debtor's employees in February 1938. A copy of the stay having been served, Brunetti moves that the stay be lifted, so as to permit him to proceed with his action in the state court.

The power of the court in charge of reorganization to stay suits brought against the debtor comes from express provision in section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and cannot be doubted. Whether the power should be exercised in a given case, however, is a matter of discretion, the outcome depending on the particular circumstances of the case. Foust v. Munson Steamship Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49.

The claimant's action will not be reached for trial in the state court within two years, by his own showing. This fact of itself is a strong consideration in favor of staying prosecution of the suit there and compelling the claimant to try the merits of his case in the reorganization proceeding. The claims can be adjudicated in this proceeding within a few months at most. It is of importance to all concerned that reorganization of insolvent concerns be consummated without undue delay. In re 235 West 46th Street Co., 2 Cir., 74 F.2d 700.

The claimant makes two points against the continuance of the stay: That the claims being for wilful torts, will not be discharged or affected by discharge of the debtor on confirmation of a plan

of reorganization, and that the debtor is covered by insurance against liability and so has no real interest. The first is an error of law, as pointed out by Judge Leibell in Re McCrory Stores Corporation, 19 F.Supp. 367, D.C.N.Y. While claims for slander and assault are not dischargeable in ordinary bankruptcy proceedings, such claims are provable and dischargeable on confirmation of a plan of reorganization under section 77B. The second is an error of fact. The papers show that the debtor's policy of liability insurance covers only bodily injuries accidentally suffered; it does not extend to liability for slander or assault.

Justice to the claimant, the debtor and creditors interested in the debtor's estate will be done by continuing the stay against prosecution of the claims in another court. The claimant may try the merits of his claims in the reorganization proceeding, like others with disputed claims against the debtor. The application will be denied, with leave to the claimant to file his claims in this proceeding.