## In re NEW YORK, N. H. & H. R. CO.
## BANKERS TRUST CO. v. PALMER et al.
### No. 148.

Circuit Court of Appeals, Second Circuit.
Jan. 15, 1940.

PATTERSON, Circuit Judge, dissenting.

White & Case, of New York City (Joseph M. Hartfield and Jesse E. Waid, both of New York City, of counsel), for appellant.

Robert G. Dodge and Oscar M. Shaw, both of Boston, Mass. (Charles B. Rugg and Archibald Cox, both of Boston, Mass., of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

In 1893 the Old Colony Railroad Company leased its properties to the New York, New Haven and Hartford Railroad Company. In 1920 the New Haven assigned this leasehold, with other property, to the Bankers Trust Company, as trustee, to secure an issue of New Haven bonds. In 1935 the New Haven instituted the present reorganization proceedings. Thereafter the New Haven trustees rejected the Old Colony lease as unprofitable; whereupon the Old Colony filed its own petition for reorganization herein, and the same persons who had previously been appointed trustees for the New Haven were also appointed trustees for the Old Colony. For convenience we shall refer to the two railroads, rather than their respective trustees, as the parties concerned. The Old Colony filed herein a claim for damages against

the New Haven based on the breach of covenants in its lease and the rejection thereof, and certain items of this claim have been allowed by order No. 259, as modified on appeal; other items still remain to be adjudicated. The New Haven has made claim herein against the Old Colony for deficits in operating the Old Colony during pendency of the reorganization cause, and the New Haven's claim has been allowed, in part as a preferred expense of administration and in part as a general claim, by order No. 300, as modified on appeal. Thereafter, in May 1939, acting through counsel whose appointment was confirmed by the reorganization court, Old Colony commenced an action in a court of the Commonwealth of Massachusetts against the Bankers Trust Company, individually, on the theory that under Massachusetts law it is liable as assignee of the Old Colony lease for damages resulting from the breach of such covenants therein as run with the land, notwithstanding that it took the assignment only as security and never went into possession of the leased property. The Trust Company, which at an early date had intervened herein, then filed its petition to enjoin prosecution of the Massachusetts action and to require Old Colony to present its claim against the Trust Company in the reorganization proceedings. From a dismissal of its petition, it has appealed.

The appellant contends, first, that the bankruptcy court possesses exclusive jurisdiction to determine the issues presented in the Massachusetts action, and, second, even if staying the action be only discretionary, it was an abuse of discretion to deny the requested relief. In brief summary the argument runs as follows: If the Old Colony gets judgment in the Massachusetts action, the Trust Company will have rights of exoneration and reimbursement out of the property to which it holds title as trustee under the New Haven mortgage, and a prior lien thereon to secure the same; hence the Massachusetts action will necessarily affect the property being administered in the reorganization court and raise very complicated questions of priorities between the claims already partly adjudicated herein between the Old Colony and the New Haven.

A majority of the court are of opinion that Judge Hincks correctly held that the bankruptcy court does not possess exclusive jurisdiction over the issues presented in the Massachusetts action.

The subject matter of that action is the asserted liability of Bankers Trust Company to the Old Colony, as lessor. If successful, the action will result only in a judgment in personam against the Trust Company; it cannot determine any liability on the part of the New Haven nor touch directly the property in possession of the bankruptcy court. If judgment should go against the Trust Company it may be assumed that the latter will seek in the bankruptcy court to enforce a lien on property of the New Haven, but, until it does so, no priorities can be established against such property or between claimants in the reorganization. The jurisdiction of the bankruptcy court is not impaired by any judgment the state court may enter. Hence it cannot successfully be urged that the bankruptcy court has exclusive and mandatory jurisdiction to determine the asserted liability of the Trust Company as assignee of the lease. Cf. Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669; Foust v. Munson S. S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49. No authorities precisely in point have been found. In re Federal Biscuit Co., 2 Cir., 203 F. 37, does not support the appellant's contention. In that case a suit pending against the debtor prior to the institution of the bankruptcy was stayed; and whether the court's reasoning was erroneous or not, the court founded its decision on the powers conferred upon it by section 11 of the Bankruptcy Act, 11 U.S.C.A. § 29, and on the authorization of stays in attachment actions instituted within four months of the bankruptcy proceeding. See the same case at 2 Cir., 214 F. 221.

Since the plaintiffs in the Massachusetts action are the Old Colony trustees appointed by the bankruptcy court, and the liquidation of this claim will indirectly affect the property before the court, Judge Hincks had power in the exercise of his discretion to control their prosecution of the action. He so recognized, but thought it inexpedient to interfere with the trustee's choice of a forum made under the advice of independent counsel. All the factors which entered into this decision are not disclosed by the record. He may have thought it wiser to have a question of Massachusetts law decided by a court of that state; his own reorganization docket may be so crowded that he thought a quicker decision could be reached in Massachusetts; he may have desired to allow the parties a jury trial. We do not

know what considerations controlled his decision and we cannot say that his refusal to stay prosecution of the action was so obvious an abuse of discretion that it should be reversed. Cf. Charter Shipping Co. v. Bowring, Jones & Tidy, 281 U.S. 515, 518, 50 S.Ct. 400, 74 L.Ed. 1008; Continental Ill. Nat. Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 294 U.S. 648, 677, 55 S.Ct. 595, 79 L.Ed. 1110; Graves v. Mount Vernon Trust Co., 2 Cir., 69 F.2d 101; In re Prudence Co., Inc., 2 Cir., 98 F.2d 559.

Order affirmed.

PATTERSON, Circuit Judge (dissenting).

I am of opinion that the district court should have granted the petition. The Massachusetts action is for $13,000,000. The Old Colony trustees in reorganization assert liability against the trust company, not for misfeasance on the latter's part but on the ground that it is liable for breaches of the lease committed by the New Haven simply because it held an assignment of the lease as part of the security for New Haven bondholders. For any liability that might be fastened on the trust company, it has the undeniable right of indemnity and exoneration out of the trust estate. Scott on Trusts, sections 244, 248; Restatement of Trusts, sections 244, 248. The trust estate is the mortgage on the bulk of the New Haven system. No one suggests that the trust estate is not of sufficient value to furnish full indemnity or exoneration. So the real parties in interest in the Massachusetts suit are the security holders of the Old Colony on the one side and the New Haven bondholders on the other, and the real issue is whether the formers' claim against the New Haven, allowed already as an unsecured claim, may be advanced to a position of priority over the claim of the New Haven bondholders. That the purpose of the suit is nothing else is admitted in the plan of reorganization proposed by the Old Colony. It is there stated that the burden of a judgment against the trust company will fall on the New Haven bondholders. In fact the proposed plan includes a compromise of the claim asserted in the suit and of the unsecured claim allowed against the New Haven estate.

The bankruptcy court by section 77, sub. a, 11 U.S.C.A. § 205, sub. a, is given exclusive jurisdiction over the debtor and its property. The meaning is that it has exclusive control over adjustment of property rights in the debtor's estate. See Palmer v. Massachusetts, 60 S.Ct. 34, 84 L.Ed. ——, decided by the Supreme Court November 6, 1939. More specifically, it is for the bankruptcy court to determine priorities in claims and interests, as provided in section 77, sub. c(7), and this power the court may not surrender to other courts. United States Fidelity & Guaranty Co. v. Bray, 225 U.S. 205, 32 S.Ct. 620, 56 L.Ed. 1055; United States v. Wood, 2 Cir., 290 F. 109, affirmed 263 U.S. 680, 44 S.Ct. 134, 68 L.Ed. 503. On the surface the Massachusetts action is against the trust company individually. But in its exclusive powers the bankruptcy court should not permit form to prevail over substance, nor should it be deterred by technical considerations. I am of opinion that the subject matter of the Massachusetts suit was within the exclusive jurisdiction of the bankruptcy court.

If the form of the state court suit be deemed controlling, however, the bankruptcy court in the exercise of discretion should have directed its trustees in reorganization to try out the controversy in the bankruptcy cause rather than in a separate suit in a different judicial system, and the failure to do so was clearly wrong. The ultimate if not the immediate question involved in the suit is the question of priority in the assets of the bankrupt estate. Some of the issues raised have already been passed on by the bankruptcy court in adjudicating the unsecured claim of the Old Colony against the New Haven estate. Moreover, there is a question whether the present claim is consistent with the unsecured claim allowed against the New Haven estate. All other controversies of the parties have been submitted to the bankruptcy court. The matters involved in the claims inter sese are of great complexity, hard enough to adjust equitably when concentrated in one court. No possible advantage is to be gained by dividing the responsibility and sending an important issue of priority in claims to another court for determination. The aim of the bankruptcy proceeding is reorganization, and it is difficult to see how progress may be made with a plan of reorganization as long as important litigation determinative of priorities among security holders is pending in a state court, wholly beyond control of the bankruptcy court. The claim is not comparable to a claim against the debtor for personal injuries or death, Foust

v. Munson S. S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49, where trial by jury in another court is both appropriate and convenient. No one has suggested here that there are issues of fact to be tried. Nor is the case like one where a suit in personam had been commenced in a state court, and receivers were later appointed by a federal court sitting in equity, as in Riehle v. Margolies, 279 U.S. 218, 49 S.Ct. 310, 73 L.Ed. 669.