**In re PITMAN & BROWN CO.**

No. 57129.

District Court, D. Massachusetts.

April 9, 1941.

See 24 F.Supp. 669.

Alexander G. Gould, of Boston, Mass., for trustee.

Albert E. Lamb, of Boston, Mass., for Wheeler Meserve Glass Co.

BREWSTER, District Judge.

In the above entitled proceedings under 77B, Bankr.Act, 11 U.S.C.A. § 207, the trustee has petitioned for an injunction restraining the Wheeler Meserve Glass Company of Boston from prosecuting a suit brought in the State court against the trustee in his individual capacity.

In the earlier proceedings in this matter, I had occasion to classify the indebtedness incurred by the trustee and to define each class. The Glass Company is a creditor, holding what was described as "Trustee's indebtedness" incurred prior to the trustee's first discharge. After the trustee had paid 70% upon all of the trustee's indebtedness, upon his petition for instructions this court directed the trustee to make no further payments on trustee's indebtedness until he had paid 70% on indebtedness described as "interim indebtedness."

The Glass Company brought suit before this petition for instructions was acted upon and has, since suit was brought, received 70% upon its claim. It is now pressing for a judgment for the balance of 30%.

█ In the order appointing the trustee, he was granted authority to continue the business of the debtor. The contention of the Glass Company is that the trustee's power to incur indebtedness was limited by an order authorizing him to borrow upon trustee's certificates. There is no merit in this contention. In re Avorn Dress Co., Inc., 2 Cir., 78 F.2d 681, 683.

█ Assuming, without deciding, that a suit may be brought against the trustee individually, it has long been settled law that an officer of the court, if sued personally, will be protected by an injunction against the prosecution of the suit. Taylor v. Davis' Adm'x, 110 U.S. 330, 335, 4 S.Ct. 147, 28 L.Ed. 163.

█ The provisions of section 116, 11 U.S.C.A. § 516, expressly provide that this court has jurisdiction to restrain suits against a trustee as well as the debtor.

This power must be exercised with discretion. Foust v. Munson S. S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49.

■ The situation presented by trustee's· petition clearly justifies the interposition of the equitable powers of the court. There is no controversy over the amount of the claim which can better be determined in the suit in the State Court. If the Glass Company is to prevail, it will receive the full amount of its claim, which result would be wholly inconsistent with previous orders of this court which are still in force.

An injunction may issue, as prayed for.