## SWARTZ et al. v. CRIPPEN.
### No. 13169.

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1950.

Jacob Swartz, Los Angeles, Cal., for appellants.

Joseph C. Stephens, Jr., W. C. Gowan, and Paul Carrington, all of Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

McCORD, Circuit Judge.

This appeal is from final orders of the district court in the Luscombe Airplane Corporation reorganization proceedings disallowing a claim by appellants for $200,170.00, for the alleged wrongful death of Elmer E. Dye in an airplane crash at West Covina, California, on August 3, 1948.

The widow and children of the deceased, on June 13, 1949, filed suit for damages in the Superior Court of California, County of Los Angeles, and named Luscombe Airplane Corporation, as the Texas manufacturer, and Riley Flying Service, Inc., the California operator of the aircraft, as party defendants. The case was set for trial before a jury on September 27, 1950.

After the California suit had been filed, and on June 27, 1949, Luscombe Airplane Corporation sought relief from its financial difficulties through a petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. On August 25, 1948, at which time no plan for reorganization had been filed or approved, it was declared bankrupt. On December 31, 1949, appellants filed a claim in the bankruptcy proceedings for the same

amount as in the California suit. Thereafter, on January 10, 1950, Luscombe Airplane Corporation filed a second petition for reorganization. A plan for reorganization was filed by the Trustee of the Luscombe Corporation in support of this second petition which was approved by the district court.

Appellants received a notice from the Trustee of the Luscombe Corporation on January 28, 1950, informing them that the claim which they had filed in the bankruptcy proceedings was being contested, and that the district court had set the matter for a hearing on February 1, 1950. Thereafter, appellants prepared and forwarded from Los Angeles a petition to the district court for authority to continue the California state court suit before a jury. They employed counsel in Texas on short notice to appear specially for them and urge their petition.

On February 1, 1950, the hearing on appellants' claim was continued until the following day, at which time the petition for authority to proceed with the trial of the case in the California court was denied. At the hearing on February 2, 1950, the district court heard testimony on behalf of the Luscombe Corporation as to whether reasonable notice had been given to appellants of the hearing, as well as on the merits of the Corporation's defense to the claim for damages in the wrongful death action. Appellants offered no evidence in support of their claim, relying upon their failure to receive any notice of the hearing until January 28, 1950, as well as upon their alleged right to continue their suit for damages in the California state court. At the conclusion of the hearing the district court disallowed appellants' claim, and motions for a new trial and for an order vacating the disallowance of their claim were later overruled.

We are of opinion the district court erred in denying to appellants the right to prosecute their action for damages in a trial by jury before the Superior Court of the State of California. Foust v. Munson Steamship Lines, 299 U.S. 77, 87-88, 57

S.Ct. 90, 81 L.Ed. 49. It is without dispute that during the pendency of this litigation Luscombe Airplane Corporation has been insured in the amount of $100,000.00 against any damages recoverable because of Dye's death. Moreover, it appears that the defense of the California suit has been assumed and maintained on behalf of the Luscombe Corporation by attorneys employed by the insurance carrier, without expense or burden thus far to the Corporation and without any of its property or assets in reorganization being jeopardized. In fact, the record reveals that the same firm of attorneys which represented the Luscombe Corporation at the hearing of appellants' claim before the district court also represented the insurance carrier in the same proceedings.

Appellants have offered to stipulate that if they are permitted to proceed with their suit in the California state court, any judgment which may be there recovered by them will not be used as a claim against the Luscombe Corporation or any of its property in reorganization, but such judgment, if any, will be satisfied only as against the insurance carrier and within the limits of the policy coverage. Under such circumstances, we find no warrant for the holding that the trial of appellants' suit before a jury in the California court would unnecessarily burden and delay the reorganization proceedings, and we conclude the findings of the district court to the contrary are without support or foundation. Foust v. Munson Steamship Lines, 299 U.S. 77, 87-88, 57 S.Ct. 90, 81 L.Ed. 49; United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746; Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172, 175; American Republics Corporation v. Houston Oil Co., 5 Cir., 173 F.2d 728, 732.

The case is hereby reversed and remanded with direction to vacate the order disallowing appellants' claim and to permit them to prosecute their action before a jury in the California state court.

Reversed and remanded with direction.