In the Matter of **PENN CENTRAL TRANSPORTATION COMPANY,** Debtor.

In re **REA EXPRESS, INC., and REA** Express [Canada] Ltd.

v.

**PENN CENTRAL TRANSPORTATION COMPANY.**

No. 70–347.

United States District Court, E. D. Pennsylvania.

Dec. 12, 1972.

Matthew W. Bullock, Jr., Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for Trustees.

Seymour Kurland, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for REA Express, Inc., Petitioner.

## MEMORANDUM AND ORDER
## NO. 1046

FULLAM, District Judge.

The issue presented by the petition of REA Express, Inc. and REA Express [Canada], Ltd. is whether the petitioners should be permitted to pursue a plenary action in this District, Civil Action No. 71–802, against the Debtor. The plenary suit is based upon alleged antitrust violations; 160 railroads are named as defendants.

On May 14, 1971, I filed a Memorandum Opinion and Order No. 259, 328 F. Supp. 1271, directing the parties to supplement the record in various respects, so as to provide an adequate basis for the exercise of this Court's discretion in the premises. The petitioners thereupon filed an amended petition, the Trustees replied, and both sides have filed briefs and supplemental briefs.

It now appears reasonably probable that petitioners' plenary action involves alleged causes of action which arose pre-bankruptcy. While I am inclined to agree with counsel for the Trustees that the precise legal theory or theories supporting petitioners' claims have still not been satisfactorily clarified, I recognize that the merits of petitioners' claims are not before me; it would be inappropriate to prejudge these issues.

I do not accept petitioners' argument that, unless the present petition is granted, it must be held that petitioners' claims are not provable or dischargeable in bankruptcy. This is a non-sequitur. Rather, the issue is whether petitioners' alleged claims should be liquidated in a plenary action, or in the proof of claims program in the reorganization proceeding.

▮▮ Both the original and amended petitions seek leave to sue the Debtor, not the Trustees. Cf. 1 Collier on Bankruptcy, ¶ 2.62[4], p. 338. Ordinarily, pre-bankruptcy claims against the Debtor should be handled in the proof of claims program, rather than by plenary

litigation. Such is the plain import of the Bankruptcy Act. The suit proposed by the petitioners is unquestionably barred by the provisions of Order No. 1 herein. There can, however, be situations in which it would be preferable to have a claim liquidated in separate litigation. Although the cases relied upon by the petitioners are not persuasive (Thompson v. Magnolia Petroleum Company, 309 U.S. 478, 60 S.Ct. 628, 84 L. Ed. 876 (1940) involved a claim by the trustees, concerning title to real estate; Foust v. Munson Steamship Line, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936) involved a wrongful death claim covered by liability insurance; Diners Club, Inc. v. Bumb, 421 F.2d 396 (9th Cir. 1970) involved a post-bankruptcy claim against the trustees), I have concluded that permitting the petitioners to proceed with their plenary suit would not be likely to interfere with the orderly process of reorganization.

If the petitioners' claim against the Debtor is adjudicated along with its claims against the other 159 railroad defendants in the plenary suit, there would probably be significant economies in legal costs and in the use of judicial resources. A complex antitrust claim would impose significant burdens upon the proof of claims machinery. The principal thrust of argument by counsel for the Trustees goes to the alleged lack of merit in the petitioners' underlying claims, rather than to the existence of any substantial threat to the jurisdiction of this Court or the conduct of the reorganization.

Accordingly, on balance, I have concluded that the petitioners should be permitted to proceed. It must be acknowledged, however, that, depending upon developments in the plenary suit and in the timing of its final adjudication, it may later appear that the reorganization proceeding is being interfered with by the pendency of the plenary suit. If such a situation should develop, further application may be made to this Court for appropriate relief.