828 F.2d 1029
 56 USLW 2202, 17 Collier Bankr.Cas.2d 595,
Bankr. L. Rep. P 71,971
 Diana R. BEARD; Wendy Busch; Jeannette C. Bulinski; Carol
Cook; Laura Bein Emerson; Carol Evans; Melinda Frison
Evans; Barbara Ferguson; Nancy C. Franz; Janet Gamet;
Mary Carmen Graham; Cheryl Ann Gruse; Ava Hamilton; Mary
Hein; Janet Heitzmann; Lucy Judson; Betty Kenzel; Judy
Kurtz; Susanne Leuthauser; Sandra Roberts Merrill; Sandra
Diane Miller; Peggy Morgan; Barbara T. Nowak; Mary Ann
Perkins; Ravonda Lou Potter; Kathy Quinton; Judy Ramsay;
Marcia Louise Raymond; Pamela S. Reiter; Elaine Rogers;
Jessica Simkulet; Janet Singletary; Evelyn M. Snyder;
Mary Stewart; Carol Waltz; Diane D. West; Deirdre J.F.
Zietz; Katharine K. Beattie; Fareda Belcher; Floyd
Belcher; Anna Louise Luhman; Sandra J. Mertens; Ronald G.
Mertens; Vicki Brown; Beverley C. Davisson; William A.
Davisson; Mary Ann Evertson; Sandra L. Flynn; Shirley Mae
Luetke; Patty E. Hutton; Leon D. Hutton; Billie Rae
Mercer; Judity A. Nichols; James R. Nichols; Gaylene P.
Schommer; John W. Schommer; Sharon McGuire; Rachel
Hummel; Scott Hummel; Nancy J. Taylor; Patricia Ann
Tronsgard; Sarah Elizabeth McLeod McInnis; Sherry Peavy;
Kenneth L. Peavy; Mary Anglea Barsoti; Sherry Bergman;
Denise Crowell; Kathy Deford; Carla Magdanz Everett;
Ellen Ward Fisher; Myra Carita Jans; Jackie Dasso; Gina
Janowitz; Penny Lanphier; Sara Lauren; Betsy Munson;
Trudie J. Oliver; Silvia Rosak; Kristi Anderson Scully;
Christine Seiffert; Jan Allen; Virginia Bryan; Mary
Katherine Demer; John R. Demer; Beatrice D. Fordham;
Harvey H. Friedman; Rhalda Friedman; Kenneth Frink;
Darleene L. Frink; Joyce Grant; June Ellen Harris; Carol
Harterink; Rosanne Heard; Jimmie Dale Heard; Arlene
James; Deborah Jean Lenzi; Susan McKenry Lippner;
Victoria L. McCord; Carol Mitchell; Wanda Jo Selvanik;
Michael Paul Selvanik; Martha E. Sims; Sally Adams;
Charlotte Allen; Charlotte Alstach; Kathleen Barnett;
Betty Leobold; Barbara Bill; Susan Carney; Quida Jilliam;
Mary Halstead; Katherine Henderson; Twinita Holstick;
Elizabeth Janowitz; Janice Lowe; Debra McCravey;
Diane Mance; Sandra Miranda; Bonnie Rappleyea; Jessie
Scott; Mary Ann Strickland; Rejane Teofani; Carol Tucker;
Carol Uzquiano; Evelyn Vlasak; Mary Watson; Sharon
Wilbur; Selena Adams; Anna Newberger; Nadine Carr; Linda
Willard; Joyce Frieders; Heather Lillian Hull; Kenneth L.
Hull; Roberta Christine Martin; Kenneth A. Martin; Janet
L. Scott; Fay Annetta Smith; Mary Ann Thomas; Steven J.
Thomas; Mary Ellen Adams; David Adams; Sandy Barcus;
Celia Borack; Robert Borach; Sandra Cerny; Ronald Cerny;
Charlotte Coffee; Susan Duffey; Dean Duffey; Shelia
Gallo-Godoy; Claudio Gallo-Godoy; Audria Golembioski;
Zenvoy Golembioski; Bonnie Yappel; Judith Ann Hopkins;
Laverne Hunter; Nelson Carver Hunter; Joyce Hurst; Thomas
Hurst; Mary Koss; Paul Koss; Kay Marchioni; Robin
Miller; Sharon Powell; Carolyn Shockling; Dale Shockling;
Barbara Strowder; Cheryl Urszeni; Steven Urszeni; Joann
Whyte; Staria Wimms; Beverly Jane Blake; Alan Blake;
Nancy Gibberman; Barry Gibberman; Valeria Griffin; Arthur
Griffin; Adeline Holt; Ralph Davis Holt; Susan Kennedy;
Marion Kozelka; Nanci Losito; Alice Manke; Gilbert Manke;
Dewey McGuire; Ann Miracle; Judith Ann Reece; Gary
Reece; Jenny Reliford; Kathleen Salsgiver; Robert
Salsgiver; Joanne Sturgeon; Patricia Van Arsdale; Harry
Van Arsdale; Marcolina Waller; Johnny Waller; Joanne M.
Warren, Petitioners-Appellants,
v.
A.H. ROBINS COMPANY, INCORPORATED, Defendant-Appellee,
United States of America, Defendant-Appellee.
 No. 86-3879.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 4, 1987.
Decided Sept. 11, 1987.
 
 John Thomas Baker, Denver, Colo. (Bragg & Dubofsky, P.C., Denver, Colo., Bradley Post, Post, Syrios & Bradshaw, Wichita, Kan., Sidney L. Matthew, Gorman & Matthew, P.A., Tallahassee, Fla., James F. Szaller, Brown & Szaller, Cleveland, Ohio, Larry S. Stewart, Stewart, Tilghman, Fox & Bianchi, P.A., Miami, Fla., Michael D. Eriksen, Cone, Wagner, Nugent, Johnson, Roth & Romano, West Palm Beach, Fla., on brief), for petitioners-appellants.
 Gregory Alan Harrison, Washington, D.C. (Richard K. Willard, Asst. Atty. Gen., Henry E. Hudson, U.S. Atty., Washington, D.C., J. Christopher Kohn, Arlington, Va., Tracy J. Whitaker, Washington, D.C.), James Strother Crockett, Jr. (William R. Cogar, Clifford W. Perrin, Jr., Linda J. Thomason, Mays & Valentine, Richmond, Va., Michael L. Cook, Dennis J. Drebsky, Skadden, Arps, Slate, Meagher & Flom, New York City, on brief), for defendants-appellees.
 Before RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 DONALD RUSSELL, Circuit Judge.
 
 
 1
 This appeal by a group of Dalkon Shield claimants in a Chapter 11 corporate reorganization proceeding involving the appellee A.H. Robins Company, Incorporated, challenges the constitutionality of Section 1141(d), 11 U.S.C. It is conceded that Section 1141(d) provides that the confirmation of the plan of reorganization discharges all claims of any kind against a corporate debtor in a reorganization; however, in Section 1141(d)(2), the statute states that "[t]he confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title." Section 523(a)(6) excepts from dischargeability in individual proceedings in bankruptcy, claims for "willful and malicious injury." The claimants-appellants assert their claims are for a "willful and malicious" tort. It is their position that the statute, by providing for absolute dischargeability under the plan of reorganization for corporate debtors but not for individual debtors violates the equal protection clause of the Fifth Amendment and is, therefore, unenforceable. They seek declaratory relief to that effect. The debtor and the United States, which had been allowed to intervene, opposed the application of the claimants. The Bankruptcy Court denied the claimants' contention and their application for a declaratory judgment in a well-reasoned opinion, 59 B.R. 99, and the District Court, also in a well-reasoned opinion, affirmed the Bankruptcy Court. The claimants have appealed that decision of the District Court, and we affirm.
 
 
 2
 It has been held that Congress, in enacting bankruptcy legislation, has broad powers of classification among claimants and debtors, limited only by the rule of "rational justification." This was authoritatively stated in United States v. Kras, 409 U.S. 434, 446, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973). In that case, the Court said:
 
 
 3
 Bankruptcy is hardly akin to free speech or marriage or to those other rights, so many of which are imbedded in the First Amendment, that the Court has come to regard as fundamental and that demand the lofty requirement of a compelling governmental interest before they may be significantly regulated. (Citing authority). Neither does it touch upon what have been said to be the suspect criteria of race, nationality, or alienage. (Citing authority). Instead, bankruptcy legislation is in the area of economics and social welfare. (Citing authorities). This being so, the applicable standard, in measuring the propriety of Congress' classification, is that of rational justification. (Citing authorities).
 
 
 4
 For years the Bankruptcy Act has made a distinction between a corporate and an individual reorganization proceeding. The leading case, decided under the earlier 77B corporate reorganization section, was our own case of American Service Co. v. Henderson, 120 F.2d 525, 529 (4th Cir.1941), 135 A.L.R. 1414 in which the Court found the distinction in classification of "malicious and intentional torts" in individual bankruptcies and similar claims in corporate reorganizations to be rationally justified. There the Court said:
 
 
 5
 in Foust v. Munson Steamship Lines, 1936, 299 U.S. 77, 82, 57 S.Ct. 90 , 81 L.Ed. 49, wherein the court recognized that the terms "creditors" and "claims" are more comprehensive when used in reference to a 77B proceeding than when used in reference to strict bankruptcy. Thus, when section 77B, sub. g, provides that the requisite confirmation of a reorganization plan and the order of confirmation shall be binding upon "all creditors", whether or not their claims have been filed, and when section 77B, sub. h, recognizes that the final decree "shall discharge the debtor from its debts and liabilities", we believe that a claim arising from a "wilful and malicious" act of the debtor cannot be excepted from a final discharge. Cf. Underhay, Tort Claims in Receiverships and Reorganizations (1936) 22 Iowa L.Rev. 60, 100; Moreau, Who Are Creditors in a Reorganization Proceeding? (1940) 26 Wash.U.L.Q. 27, 59. The very kernel of a reorganization proceeding is the careful consideration given to all outstanding liabilities, debts, and claims. Only in the light of such an examination does it become possible for the bankruptcy court to determine whether the corporation as recapitalized can weather the financial storm. Cf. Caplin, Valuation and Earnings in Railroad Reorganization (1941) 27 Va.L.Rev. 769, 789. For such an examination and such a determination to be successful, every obligation of the debtor must be brought before the eye of the court.... Nevertheless, as we have already indicated, we are of the opinion that section 17(2) and (4) is not to be read in connection with section 77B and that a general discharge in a reorganization proceeding will bar claims both for "willful and malicious" injuries and for "misappropriations" by debtor--fiduciaries. We therefore have concluded that the District Judge erred in his first conclusion.
 
 
 6
 The present Bankruptcy Act retains the earlier distinction between the dischargeability of a "willful and malicious" tort claim in an individual bankruptcy, and the dischargeability of a similar such claim in a corporate reorganization: in the individual bankruptcy, such a claim is not dischargeable, but under the corporate reorganization provision of the Bankruptcy Act it is dischargeable. Such is the language of Section 1141(d)(1) and (2) of the Act. The decision of the Bankruptcy Court and the District Court, in well-reasoned opinions, reaffirmed the finding of rational justification for this distinction between individuals in bankruptcy under section 523 of the Bankruptcy Act and corporations in reorganization under Chapter 11 of the Bankruptcy Act, relying on the reasoning in Henderson. We find their conclusion convincing.
 
 
 7
 The claimants, however, though conceding arguendo that the result reached in the Court's decision below might normally be sustainable, argue that such decision is incorrect in the case of "mass tort claims" such as those here, where, as it says, the claimants are "involuntary" creditors. We are unable to perceive any reason for such distinction or to find any precedent for it; we, therefore, refuse to accept the distinction.
 
 
 8
 The denial of the claimants' appeal from an order dismissing claimants' complaint for a declaratory judgment on the constitutional invalidity of Section 1141(d)(1), 11 U.S.C. and the dismissal of the petition of the claimants for such relief is accordingly
 
 
 9
 AFFIRMED.