Brien J. DUTCHER, Plaintiff,

v.

REORGANIZED PETTIBONE CORPO-
RATION (f/k/a Pettibone Michigan
Corporation), Defendant.

No. 94 CV 3021.

United States District Court,
S.D. New York.

March 15, 1996.

Peter M. Cordovano, Peter M. Cordovano, P.C., Marlboro, NY, for Plaintiff.

Julie Day Marion, McDermott, Will & Emery, New York City, James R. Pranger, McDermott, Will & Emery, Chicago, IL, for Defendant.

## ORDER ACCEPTING REPORT AND RECOMMENDATION

PARKER, District Judge.

In his complaint, Plaintiff Brien Dutcher charges Reorganized Pettibone Corporation (f/k/a Pettibone Michigan Corporation) ("Pettibone") for injuries he sustained while operating a forklift. At issue is Pettibone's First Affirmative Defense which states:

On December 9, 1988, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, confirmed the Debtor's Second Amended Consolidation Plan of Reorganization. Pursuant to that Plan, Reorganized Pettibone Corporation has no liability for the products manufactured by any of the debtors prior to that date and all such claims are discharged by operation of law.

Dutcher's motion to strike this affirmative defense was referred by this Court to the Hon. Lisa M. Smith, United States Magistrate Judge. Dutcher has raised objections to the Report and Recommendation issued by Judge Smith on February 15, 1996. The following constitutes the Court's review of the facts and issues raised by those objections.

## DISCUSSION

Magistrates are empowered by statute to preside over pre-trial matters on appointment by a district judge. 28 U.S.C. 636(b)(1)(A); Fed.R.Civ.P. 72(a). Fed. R.Civ.P. 72(b) instructs a "district court judge to make a *de novo* determination ... of any portion of the Magistrate's disposition to which the written objection was made." See also 28 U.S.C. § 636(b)(1); *Mokone v. Kelly,* 680 F.Supp. 679 (S.D.N.Y.1988); *Nelson v. Smith,* 618 F.Supp. 1186 (S.D.N.Y. 1985). After conducting its review, the court

may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. 636(b)(1).

The rule also permits the court to accept any portion of the Magistrate's disposition to which no objection has been made "as long as it is not erroneous on the face of the record." Fed.R.Civ.P. 72, Notes of the Advisory Committee on Rules (citing *Campbell v. United States District Court,* 501 F.2d 196, 206 (9th Cir.), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974)). The judge's review may be based solely upon the record. Fed. R.Civ.P. 72(b). In making its determination, the Court has reviewed Judge Smith's Report and Recommendation *de novo.*

The papers indicate that Dutcher was injured on May 6, 1991 by a forklift which had been manufactured and shipped in 1973 by Pettibone Michigan Corporation. In 1988, three years before Dutcher's injury, a bankruptcy court in Illinois confirmed Pettibone Michigan Corporation's second amended consolidated plan of reorganization.

As indicated by its affirmative defense and supporting papers, Pettibone argues that it is not liable to Dutcher because confirmation of its reorganization discharged it of any responsibilities. We agree. Confirmation of a plan discharges a corporation of all its debts unless it is a liquidating plan. See *In re Dominguez,* 51 F.3d 1502 (9th Cir.1995); *Ackles v. A.H. Robins Co. (In re A.H. Robins Co.)* 59 B.R. 99, 101 (Bankr. E.D.Va.1986), *aff'd,* 828 F.2d 1029 (4th Cir. 1987). Dutcher's reliance on *In re Piper Aircraft,* 169 B.R. 766 (S.D.Fla.1994) is misplaced. In that case, a Florida bankruptcy court held that debtors could be liable for postpetition injuries as long as, *inter alia,* they were asserted prior to confirmation. *Piper,* 169 B.R. at 775. In the present case, however, the confirmation plan was approved three years before the injuries took place. Accordingly, we agree with Judge Smith. Pettibone should be allowed to preserve its affirmative defense at this stage in the litigation.

**CONCLUSION**

For the reasons stated, the Court accepts the report and recommendation.

**SO ORDERED.**