### In re A. B. COMPANY.
### No. 9213.

District Court, M. D. Pennsylvania.
June 12, 1936.

T. A. Donahoe, of Scranton, Pa., for petitioners.

John Memolo, of Scranton, Pa., for A. B. Company.

JOHNSON, District Judge.

This case is before the court on a petition to review an order of the referee in bankruptcy, as special master, directing receivers in equity, appointed by the state court, to turn over assets to the trustee appointed under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207).

Receivers in equity for the A. B. Company were appointed by the state court. Subsequently a petition under 77B of the Bankruptcy Act was filed in this court against said company, a trustee duly appointed, and the matter referred generally to the referee in bankruptcy, as special master. Upon the trustee's petition to compel the state receivers to turn over their assets to him, the special master granted a rule on the state receivers to show cause why they should not file an account in this court. After answer and hearing, the special master made the rule absolute. The state receivers petitioned to review the order on the ground that the special master was without authority to enter such order and that the order is contrary to section 77B (i), 11 U.S.C.A. § 207 (i), in that the state court which appointed the equity receivers has the power to fix administrative expenses and allowances in the equity receivership.

Section 77B (c) (11) of the Bankruptcy Act, 11 U.S.C.A. § 207 (c) (11), provides that the judge "may refer any matters to a special master, who may be one of the referees in bankruptcy, for consideration and report, either generally or upon specified issues." According to the plain provision of the act, referees, acting as special masters, cannot enter orders. Their purpose is solely to take evidence, consider the questions of law involved, and make their reports and recommendations to the court.

Section 77B (i), 11 U.S.C.A. § 207 (i), provides: "If a receiver or trustee of all or any part of the property of a corporation has been appointed by a * * * State * * * court * * * the trustee or trustees appointed under this section * * * shall be entitled forthwith to possession of and vested with title to such property, and the judge shall make such orders as he may deem equitable for the protection of obligations incurred by the receiver or prior trustee and for the payment of such reasonable administrative expenses and allowances in the prior proceeding as may be fixed by the court appointing said receiver or prior trustee."

Under this provision the trustee under 77B is immediately vested with the title to all of the assets of the receiver appointed by the state court. The administration expenses in the equity receivership are to be fixed by the state court and the District Court provides for their payment in so far as they are found to be "reasonable." In re Greyling Realty Corporation (C.C.A.) 74 F.(2d) 734; In re New York Investors, Inc. (C.C.A.) 79 F.(2d) 179, 182; In re Allied Owners Corporation (C.C.A.) 79 F. (2d) 187. In the latter case, the court said, at page 189 of 79 F.(2d): "The foregoing section, in our opinion, requires that the prior insolvency court shall fix allowances and the reorganization court shall provide for their payment in so far as they are found to be 'reasonable.' It seems quite unlikely that such a provision, made, as we believe, in order that the reorganization court might benefit by the experience of the prior court and its familiarity with the details of the business, was intended to leave the prior court free (within its statutory limitations) to fix conclusively any allowance it might deem reasonable."

And now, June 12, 1936, it is ordered that F. J. Helriegal and Jerome S. Woodling account for and turn over to the trustee under 77B all the property which came into their hands by virtue of their appointment as receivers in equity by the court of common pleas of Lackawanna county, with permission to the receivers to apply to the Lackawanna county court for expenses and compensation as provided by section 77B (i) of the Bankruptcy Act, 11 U.S.C.A. § 207 (i).