## In re BOTANY CONSOLIDATED MILLS, Inc. *

### BOLLENBACH v. BOTANY CONSOLIDATED MILLS, Inc., et al.

### No. 6318.

Circuit Court of Appeals, Third Circuit.

Feb. 1, 1937.

McCarter & English, of Newark, N. J., for appellant.

Merritt Lane, of Newark, N. J., for appellees.

Archibald Palmer, of New York City, Abraham J. Cohen, of Paterson, N. J., and Harry Weinberger, of New York City, for petitioning creditors.

Before DAVIS and THOMPSON, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

This case is here on the return of a rule to show cause why the order allowing an appeal in the above-stated cause from an order of the District Court confirming a plan of reorganization of the debtor, should not be vacated and the appeal dismissed.

An appeal from an order approving a plan of reorganization under section 77B, Bankr.Act (11 U.S.C.A. § 207) should be allowed by the court and not by a judge thereof. At the argument, however, counsel requested us to treat the present proceeding as an application for an appeal if we concluded that the appeal should have been allowed by the court. We think that the order allowing the appeal should be vacated on technical grounds because it was not allowed by the court and that the application for the allowance of appeal should be denied on the mer-

*Writ of certiorari denied 57 S.Ct. 930, 81 L.Ed. —.

its. An appeal would continue the litigation and jeopardize, if not entirely destroy, the interest of those holding $7,000,000 worth of securities.

The plan of reorganization has the support of all the security holders except the appellant. It required long and hard work to produce a plan upon which every one except the appellant could agree. He holds comparatively a very small portion of the securities. When this case began he had one or two bonds. At the argument it was alleged that he held a few more, ten altogether, as we recall it, and "some stock." The bonds were selling around $40 per bond, but there was practically no market for the stock.

We see no ground upon which an appeal should be allowed. Accordingly, the order allowing the appeal is vacated and set aside, and the application for appeal is denied.