**In re GARDEN CITY CANNING CO.**
No. 27284–L.

District Court, N. D. California, S. D.
Sept. 13, 1939.

Loyd Hewitt, of Yuba City, Cal., and Brobeck, Phleger & Harrison and Moses Lasky, all of San Francisco, Cal., for petitioners.

Louis Oneal, of San Jose, Cal., and Torregano & Stark, of San Francisco, Cal., for debtor.

ST. SURE, District Judge.

The question is whether in a reorganization proceeding under 77B of the Bankruptcy Act of 1934, 11 U.S.C.A. § 207, creditors named in debtor's schedules and in the proposed plan of reorganization, who thereafter file claims with the Clerk instead of with the Special Master, as ordered by him, and whose claims are not paid, may be heard to object to the report of debtor of complete execution of confirmed plan and petition for final discharge.

The facts are undisputed. Debtor filed its petition for reorganization on February 6, 1936, which was approved by the court. Debtor filed its verified schedule of stockholders and creditors, among the latter being W. M. Addy, J. B. Bowen, J. J. Heidotting, R. J. Sutton, and John Saunders, petitioners herein. On March 14, 1936, an order was made permitting debtor to remain in permanent possession and referring the entire matter to Burton J. Wyman, Referee in Bankruptcy, as special master for hearing and report. On April 10, 1936, debtor filed its verified schedules of assets and liabilities, and among the unsecured claims appear the following:

W. M. Addy ........................................ $934.58
J. B. Bowen ..................................... 633.29
J. J. Heidotting................................. 308.91
R. J. Sutton ..................................... 435.77
John Saunders ................................. 364.40

On May 1, 1936, the plan of reorganization was filed, containing, inter alia, a list of general unsecured claims, among which again appear the names and amounts above stated. In the plan debtor proposed to pay to all of its general unsecured creditors 50 percent. of the amount of their claims in installments. On June 4, 1936, petitioners filed with the Clerk their claims as follows:

W. M. Addy ..................................... $934.57
J. B. Bowen ..................................... 625.00
J. J. Heidotting................................. 308.91
R. J. Sutton ..................................... 435.77
John Saunders ................................. 1577.70

On November 4, 1936, debtor filed its petition for confirmation of plan, attached to which is a copy of the proposed plan, again listing the names of petitioners as creditors. Also attached to the petition is a "List of Unsecured Claims on File" in which petitioners' names do not appear. On December 2, 1936, the special master filed his report, recommending confirmation of the plan, which report did not, however, provide for the payment of petitioners' claims. The plan was approved by the court on December 15, 1936. On January 12, 1938, debtor filed its report of complete execution of the confirmed plan and petition for final discharge. On January 22, 1938, petitioners filed objections to the report and petition for final discharge, which were referred to the special master for hearing and report. The matter is now before this court on objections to the special master's report overruling petitioners' objections and recommending that the discharge be granted.

The special master adopted the view that petitioners were guilty of laches in that "they disregarded the express wording of the [his] notice which told them when and where their claims should be filed," which was on or before June 15, 1936, at the office of the special master, 1095 Market Street, San Francisco. As we have seen, petitioners, through their attorney, filed their claims on June 4, 1936, with the Clerk of the United States District Court. The Clerk acknowledged receipt of these claims, and the docket shows that they were filed on June 4, 1936.

When amendments to the National Bankruptcy Act providing for corporate reorganization were passed by the Congress in 1934, much confusion resulted in the minds of the bench and bar as to the application to the new procedure of the provisions of the National Bankruptcy Act and the General Orders in Bankruptcy promulgated by the United States Supreme Court. It is now settled that a reorganization is not in bankruptcy until liquidation is ordered. In 1934 General Order XX, 11 U.S.C.A. following section 53, read: "Proofs of claims and other papers filed subsequently to the reference, except such as call for action by the judge, may be filed either with the referee or with the clerk." In 1935 General Order LII was added, which states: "The following additional rules shall apply to proceedings under section 77B of the Bankruptcy Act [11 U.S.C.A. § 207]," specifying a series of

additional rules. In June, 1936, the United States Supreme Court amended the General Orders (298 U.S. 695, 56 S.Ct. XLVII, 11 U.S.C.A. following section 53) to state that certain of the General Orders should not apply to 77B proceedings, namely orders XVII, XVIII, XXI, XXVIII and XXIX. No exclusion is made of Order XX. Under the circumstances it was quite natural for petitioners to assume that the proper place to file their claims was with the clerk of this court.

There is a feature of the case which strongly appeals to me, and that is that the entire procedure leading up to the confirmation of the plan of reorganization shows actual knowledge on the part of debtor of the claims of petitioners. Their names are given not only in the schedules, but also in the proposed plan itself. The claims are listed by the debtor, and undisputed save as to one of them. The plan of reorganization makes no provision for payment upon presentation and acceptance of claims, but contains an unqualified offer to pay 50 percent. of the amount of the claims listed. Under the law as amended in 1938 there is no question that petitioners would share in the distribution. Sec. 224(4) of the Bankruptcy Act as amended in 1938, 11 U.S.C.A. § 624. For debtor to seek to gain an advantage through petitioners' filing their claims with the clerk instead of the special master, there being some justification for such action because of the uncertainty of the law at the time, is, under the admitted facts here, repugnant to equity.

The report and finding of the special master will be disapproved and rejected.