**GARDEN CITY CANNING CO. v. ADDY et al.**

**No. 9400.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 12, 1940.

138

Louis Oneal, of San Jose, Cal., and Torregano & Stark, of San Francisco, Cal., for appellant.

Loyd E. Hewitt, of Yuba City, Cal., and Brobeck, Phleger & Harrison, Moses Lasky, and A. M. Dreyer, all of San Francisco, Cal., for appellees.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The appellant was engaged in the packing and canning of fruits and vegetables and drying of fruits. As debtor, it filed its petition for a reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, on February 6, 1936, on which date an order was entered in the court below approving the petition as properly filed and permitting the debtor to remain in temporary possession of its properties and fixing March 2, 1936, as hearing date, which hearing was continued to March 12, 1936. March 3, 1936, the debtor filed a verified schedule of its creditors and stockholders and the names of the appellees were included therein as creditors. An order permitting the debtor to remain in permanent possession of its assets until conclusion of the proceedings was entered by the District Judge March 12, 1936. This order, among other things, also provided that all claims of creditors be filed on or before June 15, 1936.

The debtor filed its verified schedules of assets and liabilities April 10, 1936, which listed among others, the following as unsecured creditors:

| | |
|---|---|
| Addy, W. M. | $934.58 |
| Bowen, J. B. | 633.29 |
| Heidotting, J. J. | 308.91 |
| Sutton, R. J. | 435.77 |
| Saunders, John | 364.40 |

Thereafter, on April 11, 1936, the debtor filed its petition with the special master for an order by the special master approving, for publication and mailing to the creditors, a summary of order of March 12, 1936; the order of approval was made by him on the same day. This summary, prepared and signed by the debtor's attorneys, read in part as follows: "Said order [of March 12, 1936] further provides that in order to participate in the plan of reorganization, creditors must file their claims in the form prescribed by the Acts of Congress relating to Bankruptcy, on or before the 15th day of June, 1936, said claims to be filed at the office of the Special Master, 1095 Market Street, San Francisco, California."

A copy thereof, which contained the paragraph quoted immediately above, was mailed to each creditor of the debtor and also was published. The attorneys for the debtor, on April 30, 1936, also mailed to all creditors a copy of the plan of reorganization, and on May 1, 1936, filed the plan in the office of the Clerk of the District Court. The plan provided for disposition of a secured indebtedness and for fulfillment of a conditional sales contract for machinery on a deferred payment basis and listed among the unsecured claims the names of the five appellees here. It was planned to pay all of the unsecured creditors fifty per cent. (50%) of their claims, partly in cash and partly by promissory notes, the debtor to borrow the necessary funds.

Each of the appellees, as creditors, filed a separate verified claim against the debtor in the office of the Clerk of the District Court of the United States for the Northern District of California, United States Courthouse and Postoffice Building, San Francisco. These claims were accompanied by a letter of transmittal addressed to said Clerk, in which the creditors' attorney requested the Clerk to refer the claims to the proper referee, and receipt of said claims was acknowledged by the said Clerk. The claims were as heretofore set forth, except that John Saunders made claim for the sum of $1,577.70.

On November 4, 1936, the debtor filed with the special master its petition for confirmation of the reorganization plan, and on said day the special master set November 16, 1936, as the date of the creditors' meeting, and all stockholders and creditors listed in the schedules were notified. Counsel for the claimants, by letter addressed to the special master, acknowledged receipt of this notice and advised that he would be unable to be present at the meeting. In this letter he also requested that he be informed of the amount of the corporation's debts, the names of the creditors favoring the plan and the amount of their claims. This letter was never answered.

On the day set for the hearing, November 16, 1936, the meeting was called by the special master, and the president of the debtor corporation was examined by the master; no creditor appeared at the said meeting. Thereafter, the special master made his report to the District Judge, recommending approval of the plan of reorganization. This report of the special master recited that "all creditors of the debtor were directed to file proofs of claim with said special master on or before the 15th day of June, 1936, notice whereof was duly given by the debtor to all creditors * * *." The District Judge approved the plan, as recommended, on December 15, 1936.

On August 10, 1937, counsel for the appellee-claimants wrote two letters, one to the special master, and one to the Clerk of the District Court. In the letter to the special master he requested information as to why his clients' claims had not been recognized. The Clerk answered: "I am unable to state why these claimants have not received the payments provided for in the plan of reorganization unless it be that these claims were not brought to the attention of the parties responsible for the distribution of the funds, since they were filed in this office rather than with the Special Master as directed in the notice."

The special master did not favor the creditors' counsel with a reply.

Thereafter, January 12, 1938, the debtor filed its report of execution of the plan of reorganization and petition for discharge, etc., to which appellees filed objections on January 22, 1938. The debtor answered that because the claims were not filed with the special master, it had no knowledge of the fact that such claims were filed with the Clerk of the District Court and that it had no free assets with which to pay the claims. A hearing was held before the special master relating to the creditors' objections to discharge, at which testimony was given by an attorney for the debtor that no one of the attor-

neys for the debtor had any knowledge that the claims were on file, and the son of the president of, the debtor testified to the same effect; he also said that it would be impossible to obtain money to pay the claims of these creditors. The special master rendered an. opinion, at the conclusion of which he recommended the creditors' objections to the discharge, etc., be overruled. The District Judge, however, disapproved, and' rejected the report and finding of the special master and filed an order to that effect, wherein the petition for discharge was also denied. 29 F.Supp. 13. The debtor appeals from said order.

The sole question involved in this appeal is this: May a creditor in a proceeding under Section 77B of the Bankruptcy Act, supra, in the absence of directions by the District Judge, file his claim with the Clerk of the District Court, or must he file the claim with the special master, if the latter so directs?

■ By Section 77B, sub. c(6) of the Bankruptcy Act, 11 U.S.C.A. § 207, sub. c (6), the judge is given authority to "determine a reasonable time within which the claims and interests of creditors * * * may·be filed or evidenced and after which no such claim or interest may participate in any plan, except on order for cause shown, the manner in which such claims and interests may be filed or evidenced and allowed," etc. Section 1(16) of the Bankruptcy Act, 11 U.S.C.A. § 1(16), recites that " 'judge' shall mean a judge of a court of bankruptcy, not including the referee; * * *." Gerdes on Corporate Reorganizations, vol. 2, § 723, p. 1188, states that "The judge may direct claims to be filed with any designated person. Creditors have been ordered to file claims with the court clerk, the special master, the debtor's attorneys, or the trustee." See also, ibid., § 958, p. 1555. It thus appears that Section 77B, sub. c(6) does not authorize a special master to prescribe the "manner in which such claims and interests may be filed or evidenced and allowed," etc. The order of the Judge dated March 14, 1936, permitting the debtor to remain in permanent possession of its assets, etc., states the time prescribed, but does not specify the place where the claims of creditors shall be

filed; it recites that such claims shall be filed "in the form and manner required by law, * * *." Nowhere in Section 77B is to be found a direction to the place of filing claims of creditors. Subdivision o of said section provides that the jurisdiction of the court, duties of the debtor, and rights of creditors are the same as in voluntary bankruptcy. Section 57 of the Bankruptcy Act, 11 U.S.C.A. § 93, after defining "proof of claims" in subdivision a thereof, provides "(c) Claims after being proved may, for the purpose of allowance, be filed by the claimants in the court where the proceedings are pending or before the referee if the case has been referred." It is provided, however, in subdivision k of said Section 77B of the Bankruptcy Act, that none of the subdivisions of Section 57 of the Bankruptcy Act, except subdivisions g, i, j, and m thereof shall apply to proceedings under Section 77B unless an order of liquidation has been entered. Foust v. Munson S. S. Lines, 299 U.S. 77, 82, 57 S.Ct. 90, 81 L.Ed. 49. General Order in Bankruptcy XX, 11 U.S.C.A. following section 53, read, "Proofs of claims[1] and other papers filed subsequently to the reference, except such as call for action by the judge, may be filed either with the referee or with the clerk." Support for appellees' reliance upon the applicability of General Order XX to their situation may be taken from the fact that when the Supreme Court amended the Bankruptcy Rules on June 1, 1936, to provide expressly that certain General Orders did not apply to proceedings under Section 77B, no such provision was made applicable to General Order XX, 298 U.S. 695. Also indicative of the applicability of General Order XX at that time to the situation here is the fact that when the Supreme Court, on May 13, 1935, prescribed "additional" rules to apply to proceedings under Section 77B, no mention was made of General Order XX or its subject matter. General Order, 52, 295 U.S. 772.

■ The Supreme Court on January 16, 1939, however, amended General Order in Bankruptcy 52 to provide, inter alia, that General Order 20 shall not apply to proceedings under Chapter X of the Bankruptcy Act[2] "unless an order shall be entered directing that bankruptcy be

---

[1] The amendment of January 16, 1939, changed the word "claims" to "claim."

[2] The Chandler Act, 52 Stat. 840, 883, 11 U.S.C.A. § 501 et seq., an amendment, revision and rewriting of Section 77B.

proceeded with pursuant to the provisions of the Act." 305 U.S. 677, 712, 59 S.Ct. clxxvii, cxc; 10 Remington on Bankruptcy, § 4392.5, p. 278, § 4418, p. 315. With the powers and duties of judges, referees or special masters under Chapter X, we are not here concerned; the proceedings here were taken under Section 77B of the Bankruptcy Act, and the amendment to General Order 52 after passage of Chapter X has no effect herein. It is observed in passing, however, that four of the five creditor-appellees would have been paid under Chapter X even though they may not have filed any claims at all. Bankruptcy Act § 224, 11 U.S.C.A. § 624.

■ We are not here confronted by a situation where no claim at all was filed, or where a claim was filed after expiration of the time fixed by the judge, but one where the claims were filed within the time fixed, at a place provided by law in the absence of a designation of another place by the judge. The appellants urge, however, that the "order" of the special master directing the claims be filed with him was a valid exercise of rightful powers and that, in any event, the "order" was confirmed by the judge in his "Order Approving Plan of Reorganization," dated December 15, 1936, wherein he approved and confirmed the Report of the Special Master, which said Report recited that "all creditors of the debtor were directed to file proofs of claim with said special master on or before the 15th day of June, 1936," etc. The first contention has already been answered. As to the latter, if the Master's "order" depends for its validity upon the order of confirmation, we need only to point out that, first, his purported order was ineffective (cf. In re A.B. Co., D.C.Pa., 15 F.Supp. 152); second, the court originally made no order; third, the claims were filed at a place provided by law; and, lastly, the filing took place more than six months prior to the purported confirmation of a void "order." If the special master had neither the right nor the power to make such an order in the first instance (2 Gerdes, § 959, p. 1558), no subsequent "confirmation" thereof could operate to deprive creditors of rights theretofore acquired.

■ It is contended by appellant that, as the order confirming the plan of reorganization was an appealable order,[3] and no appeal from said order was taken, the appellees are bound by the terms thereof. Section 77B, sub. g, Bankruptcy Act, 11 U.S.C.A. § 207, sub. g. This argument is not convincing. The claims of the appellees here were on file, and they may not be eliminated simply because the special master or the debtor neglected to include them in the list of claims filed which was attached to the petition of the debtor for confirmation of reorganization plan. All that was required of these creditors was that they file their claims in accordance with law—in the absence of specific direction by the judge—which they did. Moreover, by subdivision f of said Section 77B, a plan may be changed either before or after confirmation. Mohonk Realty Corp. v. Wise Shoe Stores, 2 Cir., 111 F.2d 287, 288. In addition, the judge, under subdivision h is given the power to control and supervise the carrying out of the provisions of the plan, and the final discharge is not to be entered until termination of the proceedings. The judge of the court below merely exercised his power of control and supervision over the carrying out of the order of confirmation, which provided "that the debtor * * * execute and carry into effect the said plan of reorganization * * * by delivering to all its general unsecured creditors the cash consideration and the promissory notes provided for in said plan of reorganization. * * *" The proposed plan of reorganization listed the appellees as creditors and provided means for their payment; the claims were filed; and the order of approval or confirmation is not inconsistent with their payment.

As Judge St. Sure of the District Court well said, "For debtor to seek to gain an advantage through petitioners' filing their claims with the clerk instead of the special master, there being some justification for such action because of the uncertainty of the law at the time, is, under the admitted facts here, repugnant to equity." 29 F.Supp. 13, 15.

Affirmed.

[3] In re Botany Consolidated Mills, 3 Cir., 89 F.2d 223; Downtown Inv. Ass'n v. Boston Metropolitan Bldgs., 1 Cir., 81 F.2d 314; Texas Hotel Securities Corp. v. Waco Dev. Co., 5 Cir., 87 F.2d 395.