### In re OTIS & CO.
Bankr. No. 68511.

United States District Court
N. D. Ohio, E. D.
March 21, 1952.

———◆———

Ray T. Miller, James Laughlin, Cleveland, Ohio, for the debtor.

J. Hall Kellogg, Cleveland, Ohio, for Wm. R. Daley of Otis & Co.

Baker, Hostetler & Patterson, Cleveland, Ohio, Clayton Quintrell, Cleveland, Ohio, for Kaiser-Frazer Co.

Louis Loss, Securities & Exchange Commission, Washington, D. C., C. J. Odenweller, Jr., Securities & Exchange Commission, Cleveland, Ohio, for Securities and Exchange Commission.

George W. Hazlett, Cleveland, Ohio, appointed disinterested trustee.

FREED, District Judge.

On December 12, 1951, this Court entered an order which approved the petition of Otis & Co. for reorganization and appointed George W. Hazlett independent trustee. The order contained the following injunctive provisions:

"until final decree or the further order of this Court, all creditors and stockholders, * * * and all other persons, firms and corporations be and they hereby are jointly and severally enjoined and stayed from commencing or continuing any action at law or suit or proceeding in equity against said Debtor or its estate or property in any court, or for the purpose of impounding or taking possession of or interfering with or enforcing a lien upon any property owned by or in the possession of the said Debtor, from executing or issuing or causing the execution or issuance out of any court of any writ, process, summons, attachment, subpoena, replevin, execution or other process, and from doing any act or thing whatsoever to interfere with the possession or management by said Debtor of the property and assets of the within estate, or to interfere in any manner during the pendency of this

proceeding and until further order of this Court with the exclusive jurisdiction of this Court over said Debtor and over the property and assets of its estate * * *."

At the time the debtor filed its initial petition the following three actions were pending concerning the debtor and the Securities and Exchange Commission: (1) A statutory injunction suit entitled Securities and Exchange Commission v. Otis & Co. et al., Civil Action No. 28371, filed in this Court; (2) an administrative proceeding in which the Securities and Exchange Commission was examining · the conduct of the debtor for the purpose of determining whether Otis' registration as a broker and dealer should be revoked; and (3) an administrative action wherein the debtor had petitioned the Commission to review an order of the National Association of Securities Dealers suspending Otis & Co. from membership in that organization.

Appearing specially, the Commission now moves for clarification or, in the alternative for modification of the stay order so that it may proceed in the three actions outlined above. In spite of the comprehensive language of the order, it is the position of the Securities and Exchange Commission that the order does not apply to the Commission and that it was not intended by the Court to enjoin these three proceedings. Hence, clarification is sought in order that the Commission may avoid the possibility of an "unseemly" contempt citation.

▪ This request, in the nature of a demand for declaratory judgment, appears to this Court as manifestly improper. Nothing in Collier's treatise supports it. See 6 Collier, Bankruptcy (14th Ed.) 738, 757–59. Having heard the arguments and examined the several briefs, however, no purpose would now be served by requiring the Commission to proceed in consonance with its convictions. Therefore, the Court, having considered the contentions, construes the language of the order to be sufficiently broad and inclusive to prohibit further prosecution of the three actions.

The alternative prayer of the motion seeks a modification of the order relieving the Commission of these restraints. It is claimed that this Court lacks the power to enjoin the Securities and Exchange Commission, an administrative arm of the United States Government, because of the sovereign's immunity. No doubt is here cast upon the Commission's exclusive authority to decide the issues presented in the two administrative actions. The instant dispute is concerned solely with this Court's power to stay those proceedings until such time as they will not unduly burden the reorganization.

▪ Both the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq., and the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., are statutory enactments grounded primarily upon protection of the public interest in two different but overlapping areas of our economic existence. To the extent that the fields mingle, it is apparent to the Court that Congress has determined that there will be an embracing co-operation. Thus, any plan for reorganization wherein the debts exceed $3,000,000 must be submitted by the reorganization court to the Securities and Exchange Commission for examination and report. Bankruptcy Act, § 172, 11 U.S.C.A. § 572. Similarly, the court in any reorganization may *require* that the Commission become a party to the proceeding or the Commission itself by motion may intervene. Bankruptcy Act, § 208, 11 U.S.C.A. § 608. It is evident that Congress intended mutual assistance between the court and the Commission and that to insure harmony the grants of power alluded to above were intended to subject the Securities and Exchange Commission to the orders of a reorganization court, including the instant injunction.

▪ Remaining for determination is whether, in the discretionary exercise of the stay power, the order should be continued as presently constituted or should be modified. The fundamental basis for temporarily staying an action or proceeding outside of the reorganization court is that it unduly hinders, delays, burdens, or is otherwise inconsistent with the pending corporate reorganization. Foust v. Munson Lines, 1936, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49; Steelman v. All Continent Co.,

1937, 301 U.S. 278, 288, 57 S.Ct. 705, 81 L.Ed. 1085.

It must be borne in mind that Otis & Co. is not now making use of its registration as a dealer. The trustee is in possession and is attempting to determine whether a feasible plan of reorganization may be presented. That the present prosecution of the two administrative actions before the Commission itself, at this stage of the attempted reorganization, would be inconsistent with and would burden this proceeding is self evident and crystal clear in the judgment of this Court. Therefore the order will not be modified in this respect. The Commission's function in safeguarding public interest would not be injured by the delay occasioned. In the case of Securities and Exchange Commission v. Otis & Co. et al., Civil Action No. 28371, the Commission seeks to enjoin the debtor from entering into transactions in securities without disclosing to the other party its financial position, and from permitting any withdrawal of funds or securities by its officers, and prays further that the debtor be ordered to permit agents of the Commission to make reasonable examinations of its records. The Court apprehends no harm to the estate if the prohibition upon further disposition of that suit is removed.

A renewal of the motion to modify at the appropriate time will not be foreclosed.

The motion will be granted and the order modified respecting Part 1 of the requested amendment; the request as to Parts 2 and 3 will be overruled.