**In re LONG ISLAND R. CO.**

Bankr. No. 47970.

United States District Court
E. D. New York.

April 21, 1953.

Richard R. Bongartz, New York City, for William Wyer, trustee of the property of Long Island R. Co.

Conboy, Hewitt, O'Brien & Boardman, New York City (Bernard Sobol, New York City, of counsel), for American Contract & Trust Co., Guarantee Co. of North America and Pennsylvania R. Co.

Orrin G. Judd, New York City, special counsel (Earle K. Moore, New York City, of counsel), for Nassau County.

Lloyd P. Dodge, Associate County Atty., Patchogue, N. Y., for Suffolk County.

BYERS, District Judge.

This is a motion by the County of Nassau, an intervenor in this proceeding, in which Suffolk County of like status joins, to enjoin the Pennsylvania Railroad Company (to be called the Pennsylvania), its agents, etc., from proceeding to prosecute its complaint before the Interstate Commerce Commission against the Trustee of the Debtor, and from offering proof to sustain it, etc.

The proceeding thus sought to be vitiated has been set down for hearing on Thursday of this week, two days hence, which means that the decision of this motion must be prompt, and as brief in form as the importance of the subject matter will permit.

The argument of the Intervenors is that the Pennsylvania, which is the principal creditor and practically the only stockholder of the Debtor, had no legal right to file its Complaint with the I.C.C. without first obtaining leave of this Court, in view of Orders No. 1 and No. 3, dated March 2 and March 14, 1949, respectively.

The first restrains and enjoins all and sundry from "in any way interfering with the same (the assets and properties of the Debtor) or any part thereof, or from interfering in any manner with the operation of its railroad or properties or the carrying on of its business by the Debtor under the orders of this Court, or from commencing or continuing any suits against the Debtor; Provided, that suits or claims for damages caused by the operation of trains" etc., are excepted.

The second order provides for like protection to the Trustees therein named, and also:

"Trustees shall have * * * subject to the control of this Court and the jurisdiction of the Interstate Commerce Commission as provided by the Interstate Commerce Act, * * * the power to operate the business of the Debtor."

It is urged that the setting in motion of the functions of the Interstate Commerce Commission in the effort to procure increased passenger fares on the Long Island Railroad, is such an interference with the jurisdiction and powers of the reorganization Court as to move the latter to enjoin the complained of conduct.

Seemingly it is argued that the Trustee should have made the first move; perhaps such an application for Administrative relief would have come with better grace from the agent of the Court through whom the Court is operating this railroad in the performance of its statutory functions. However, the Trustee makes no such argument, although it is not too much to suppose that he would recognize a given proceeding as interfering with the operation of the railroad, if that indeed would be its apparent effect.

If he had so asserted, it would scarcely present the real contention of the Intervenors which is understood to be that the Pennsylvania, being a creditor in this proceeding and also in fact the Debtor, is not legally competent to apply directly to the I.C.C. because having submitted itself to the jurisdiction of this Court, in both guises, it has forfeited the capacity accorded to any firm, corporation, etc., by Section 13 of the Act, Tit. 49 U.S.C.A. § 13, to apply to the Commission in the manner and for the purpose therein stated.

This argument seems to misconceive the status of an interstate carrier, and the extent to which its affairs may be regulated by the agency created many years ago by our government to meet the exigencies of commerce moving interstate. It was such a carrier as was brought into this Court by the owner of nearly all of its stock, but no restraint upon access to the Interstate Commerce Commission was thereby assumed or prescribed, and if in terms it had been, the Court would not have possessed the power to confirm the disclaimer.

If In re Otis, D.C., 104 F.Supp. 201 is to the contrary this Court has been misled, for the considerations which apply to the administration of the Securities Exchange Act, 15 U.S.C.A. § 78a et seq., are not seen to bear any direct resemblance to those which called the Interstate Commerce Commission into being, and necessarily govern the exercise of its functions.

Sight has not been lost of the argument that the Pennsylvania in filing its so-called Complaint with the Commission, was in fact seeking to exercise the right of the Debtor, namely a derivative right, which could not legally be asserted until the corporation had been first called upon to redress the asserted grievance. If it is not clear from the very statement of the contention, that there is here presented no mis-feasance or non-feasance on the part of the corporation which gives a stockholder the right to act for it, once the corporation has failed or refused to correct the lapse, nothing that could be herein set forth would make the matter any clearer.

Finally it is to be observed that the I.C.C. itself has been called upon to decide the subject matter of this motion, and has ruled adversely to the Intervenors under date of April 5, 1953.

If this Court were to grant this application, thereby assuming somewhat the guise of a reviewing agency of the Commission, the least that could be said for such a ruling would be that it would lack that requirement for cooperation which is recognized in the opinion in Warren v. Palmer, 310 U.S. 132, at page 138, 60 S.Ct. 865, 84 L.Ed. 1118, and which is also expressly written into the order in this proceeding of March 14, 1949.

Motion denied. Settle order.