PARAGOULD LAND COMPANY *v.* TAYLOR.

Opinion delivered December 10, 1928.

M. P. *Huddleston,* for appellant.

C. M. *Buck,* for appellee.

KIRBY, J., (after stating the facts). It is insisted that the court erred in sustaining the demurrer to the intervention of Shannon and others, and also in sustaining a demurrer to the answer of B. M. Kitchens and dismissing it for want of equity. The attorney for interveners insists that but one issue is presented, and that an issue of law, by the appeal as to whether a common unsecured

creditor has the right to intervene in a foreclosure suit and dispute the title of the Bank Commissioner, having in charge the affairs of the pledgee, to the property pledged. The Bank Commissioner, in charge of the Paragould Trust Company, insolvent, sought by this suit to foreclose a written pledge agreement or assignment executed to the insolvent trust company by A. Bertig, S. Bertig and Joe R. Bertig, on September 18, 1926, and to sell the stock certificates of the Richards Land Company, described in the pledge agreement, it being alleged that 667 shares were owned by A. Bertig, 667 by S. Bertig, and 666 shares by Joe R. Bertig, and pledged to secure an aggregate indebtedness of approximately $160,000 due by the Bertigs individually and by various mercantile, gin and land corporations composing the Bertigs' interests, including an indebtedness of $15,500 due the Paragould Trust Company by the Bertig Realty and Investment Corporation, and a note of B. M. Kitchens for $5,000 indorsed by Joe Bertig.

The Richards Land Company, a corporation, was organized in 1906, before the organization of the Bertig Realty and Investment Corporation and the other corporations designated in the intervention. There is no contention that it was fraudulently organized or that it was insolvent. The interveners alleged that its assets were worth $75,000 or $80,000 more than its indebtedness.

At the time of the execution of the pledge agreement in the suit, the stock in the Richards Land Company was held by the Bertigs, and the old stock certificates were surrendered and new certificates issued for the same amount of stock held by each of the said Bertigs to the Paragould Trust Company as trustees. The interveners alleged that they were creditors of the various corporations, which they allege were owned and controlled by Bertig Brothers, a partnership, which in its dealings ignored the separate corporate entities and treated the various corporations as Bertig Brothers, a partnership. They alleged further that the corporations of which they were creditors, designating them, had been

adjudged bankrupt, that petitions in bankruptcy had been filed against Bertig Realty and Investment Company, a corporation, and Bertig Brothers, a partnership. These allegations were true, and the realty company and the Bertig Brothers partnership were each adjudged bankrupts before the hearing. There is no allegation in the intervention that either Bertig Brothers, a partnership, or Bertig Realty and Investment Company, a corporation, or any of the trustees of the corporations adjudged bankrupt, had been requested to intervene in the suit and had refused to do so. Certainly the interveners, creditors of the corporations already adjudged bankrupt and for whom trustees had been appointed, could not intervene in this suit to protect the assets and enforce the collection of the debts of the bankrupt corporations without alleging the failure or refusal of the trustees, after request so to do, to take the required action; and although Bertig Brothers, partnership, and the Bertig Realty and Investment Company, a corporation, had not been adjudged bankrupt at the commencement of the suit by the Bank Commissioner, the interveners alleged that they had been either adjudged bankrupts or that petitions in bankruptcy had been filed against them, and their adjudication in bankruptcy related back to the filing of the petition, which was subsequent to the filing of the Bank Commissioner's complaint and prior to the filing of the intervention.

The creditors of an insolvent corporation in the hands of a receiver or trustee in bankruptcy cannot maintain an action for property belonging to the bankrupt or insolvent corporation without allegations showing the failure or refusal of the trustee or receiver to protect the assets and their interests. *Creamery Pkg. Mfg. Co.* v. *Wilhite,* 149 Ark. 576, 233 S. W. 710; 8 Fletcher on Corporations, pp. 9250-9251.

The interveners alleged that the stock pledged was the property of Bertig Brothers, a partnership, composed of A. Bertig, S. Bertig and Joe Bertig, and that each of said persons who composed the partnership had

pledged his shares of the corporation. It was also alleged that the stock so pledged was the property of Bertig Realty & Investment Company, but the allegation of the complaint is undisputed that the original certificates were issued to A. Bertig, S. Bertig and Joe Bertig, and that it was pledged to the bank by each of said Bertigs, and the stock certificates were duly reissued by the corporation to the pledgee as trustee to secure the indebtedness specified in the pledge agreement, which was exhibited with the complaint of the Bank Commissioner for foreclosure.

It is true Kitchens, the maker of the note, was sued by the Bank Commissioner along with the other debtors of the Paragould Trust Company, in order to foreclose the lien of the pledge given as collateral security for payment of his note specified in the agreement, but no judgment was prayed against him, nor could have been rendered under the allegations of the complaint upon the indebtedness and his answer, admitting that, although he had executed the note for securing the payment of which the pledge of the stock had been made by the Bertigs individually, the note in fact evidenced an indebtedness of Bertig Brothers, the amount of the loss incurred by them in the operation of a subsidiary partnership, and that he was not indebted thereon at all. If the allegations of the answer were true, it would not have prevented the granting of the relief to the Bank Commissioner foreclosing the lien against the stock pledged and applying it to the note specified, for security of the payment of the note for which it was pledged, even though the note was found to represent in fact an indebtedness of the Bertigs instead of the maker, since, so long as it was not a simulated claim, the Bank Commissioner would have had the right to apply the proceeds realized from the sale of the stock pledged to its payment.

The judgment of dismissal under the circumstances did not preclude the maker of the note from interposing the defense set up in his answer herein to a suit for col-

lection of the note from him, which was not attempted to be made in this proceeding.

The answer and intervention not having stated a cause of action nor defense, the demurrer thereto was rightfully sustained, and the decree is accordingly affirmed.