**HI-PRO FISH PRODUCTS, INC.,**
**Appellant,**

v.

**Robert Y. McCLURE, Appellee.**

**No. 17628.**

United States Court of Appeals
Eighth Circuit.

May 10, 1965.

On Rehearing June 15, 1965.

Rehearing Denied July 15, 1965.

Robert J. White, of White & Young, Russellville, Ark., for appellant.

W. Dane Clay, of Rose, Meek, House, Barron, Nash & Williamson, Little Rock,

of allowing the creditor of the bankrupt to set off more than his share of the

joint indebtedness owed to the bankrupt.

Ark., Herbert C. Rule, III, Little Rock, Ark., for appellee.

Before MATTHES and RIDGE, Circuit Judges, and HANSON, District Judge.

HANSON, District Judge.

The plaintiffs in this action are creditors of the bankrupt corporation, Commodities, Inc. The defendant-appellee was the sole stockholder of Commodities, Inc., prior to its bankruptcy. The action was brought for fraud and negligence.[1]

The trial court found "overwhelming proof of the defendant's negligence and mismanagement of Commodities, Inc., which ultimately resulted in the insolvency of the corporation." The trial court found some of the elements of fraud but not all of them. The trial court, however, dismissed the action for negligence on the basis that the action nominally belonged to the bankrupt corporation and that the creditors did not join the Trustee in Bankruptcy or show that he had refused to sue on the action.

The Trustee testified at the trial and his affidavit is attached to the record in this case.

◼ When the cause of action belongs to the corporation, solely or nominally, under Section 70, the Trustee must, at least where the administration of the existing estates will be affected, be joined or it must be shown he refused to prosecute the action. Meyer v. Fleming, 327 U.S. 161, 66 S.Ct. 382, 90 L.Ed. 595; Graybar Electric Company v. Doley, 4 Cir., 273 F.2d 284; Roach v. Reldan Trading Corporation, 2 Cir., 321 F.2d 42 (citing other similar cases); Paragould Land Co. v. Taylor, 178 Ark. 619, 11 S.W.2d 441 (1928) (the assets there unquestionably belonged to the corporation). Compare Foust v. Munson S. S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (an action wherein the real defendant insurance company owed the duty in a nominal sense to the bankrupt but actually to the plaintiff).

In this case, it is clear that for financial reasons the Trustee was not interested in prosecuting what could be a burdensome asset. What the Supreme Court repeated in Meyer might be applicable:

"If the trustee will not sue and the bankrupt cannot sue, it might result in the bankrupt's debtor being discharged of an actual liability. The statute indicates no such purpose, and if money or property is finally recovered, it will be for the benefit of the estate. Nor is there any merit in the suggestion that this might involve a liability to pay both the bankrupt and the trustee."

However, the Trustee's affidavit was not timely and we must agree that it has not been properly established that the Trustee refused to bring the action.

◼ If the action belonged solely to the creditors and not the corporation, then it does not pass to the Trustee in Bankruptcy under Section 70 of the Bankruptcy Act and there would be no necessity of joining the Trustee. See Roach v. Reldan Trading Corporation, supra, 321 F.2d p. 43.

◼ It is clear under Arkansas law that an action by the creditors of a corporation against the shareholders of the corporation for personal fraud is an action that belongs to the creditors and that it can be maintained without joining the trustee of the bankrupt corporation. The parties do not dispute the correctness of this point. See Rounds & Porter Lumber Co. v. Burns, 216 Ark. 288, 225 S.W.2d 1; Henderson v. Rounds & Porter Lumber Co., D.C., 99 F.Supp. 376.

The appellant contends that the trial court erred in not finding that this action was one for fraud. This court agrees.

◼ The trial court found that the defendant was liable to the plaintiffs for, among other things, deliberately giving checks with insufficient funds to the plaintiffs to purchase goods or to get money to pay other checks issued with insufficient funds. The trial court, however,

---

1. See D.C., 224 F.Supp. 485 for report of trial court opinion.

characterized this type of liability as mismanagement, a type of action for which the plaintiffs had no capacity to pursue. This type of liability is clearly fraud and the trial court should have characterized it as fraud instead of mismanagement. This is considered fraud in Arkansas. See Section 41–1903, Arkansas Statutes Annotated; 19 C.J.S. Corporations § 850, p. 281. 23 Am.Jur., Section 96, p. 874 states:

> "In all cases (including negotiable instruments, as between the parties), assuming the absence of facts which will create an estoppel or of facts negativing a right to rely and disclosing negligence under the circumstances, which facts are not usually held to exist where deliberate deception or artifice is practiced, any wilful misreading of the terms of the instrument, or wilful misrepresentation, misstatement, or other misleading conduct as to its contents, is sufficient to form a basis for a charge of fraud."

There can be no question but that deliberately and consistently giving checks with insufficient funds to pay them amounts to knowingly making misrepresentations of material present facts. The trial court states that checks repeatedly were returned unpaid. Overdrafts each month varied in amounts of $6,900.00 to $66,000.00. This undoubtedly demonstrates that the trial court found in fact that the creditors relied on the defendant's misrepresentations.

The appellant also contends that under Arkansas law the creditors could maintain an action against the shareholders for mismanagement and that if not, the defendant, by failure to timely object, waived his right to have the action for negligence dismissed for failure to join the trustee. Because of this court's view on the issue of fraud, it is not necessary to reach the other issues and the court expresses no view on them.

The Order dismissing the plaintiffs' complaint is reversed and the cause is hereby remanded with direction to the District Court to make findings of fact in respect to amounts due on each of the "accounts" at issue in this action, and enter judgment for the total amount thereof, with interest allowable according to law, together with costs.

RIDGE, Circuit Judge, (concurring):

I think it is important in the case at bar to point out that by its memorandum opinion the District Court found appellant's cause of action was dually premised: (1) for "negligence and mismanagement (by appellee, the) managing officer" of Commodities, Inc., a bankrupt Arkansas corporation; and (2) that because of his "wrongful, unlawful * * * conduct" appellee "obtain(ed) money and credit from suppliers with the intent * * * to avoid payment therefor." (224 F.Supp. l. c. 486.)

Also, appellee by brief and at oral argument before us concedes:

> "Appellant sought relief from Appellee on two theories; first, that Appellant was guilty of negligence in his management of the corporation (ante); second, that Appellee defrauded the Plaintiffs.

> "It must be admitted that, in Arkansas, creditors have a direct claim or cause of action against an officer or director of an insolvent corporation for fraud, Henderson v. Rounds & Porter Lumber Co., 99 F.Supp. 376 (W.D. Ark., 1951)." (Appellee's Brief, p. 9.)

Further, appellee "testified that he was well versed on (sic) the maintenance of the records of Commodities" and "was informed in June 1959 of the many unpaid accounts" of Commodities, Inc. The "balance sheet reflected that Commodities was insolvent * * * as of March 31, 1959." "All of the debts (here) sued on * * * were incurred on or after June 27, 1959."

There was:

> " * * * corroborating evidence * * * as to the constant bank overdrafts, the inadequately kept records, the many unknown and unpaid accounts * * * (and) the instructions given (by appellee) to buy on credit so that the corporation

could pay other debts, (etc.) * * * which ultimately resulted in the insolvency of the corporation." (224 F.Supp. 1. c. 489, supra.)

It was in the face of the above facts, and those which Judge Hanson points up, that the Court below ruled appellee was merely negligent in the "mismanagement of Commodities, Inc." and that appellant, as a creditor of that corporation, could not maintain the instant action under § 70, sub. a(5) and (6) of the National Bankruptcy Act, as amended, 11 U.S.C.A. § 110, sub. a(5), (6), because the Trustee in Bankruptcy "is the only proper party to sue on any such right of action."

Appellee now says, since "the trial court found that Appellant's proof fell short of fraud * * * (this appeal) must be considered only on the theory of negligence and mismanagement." Such contention is wholly without merit.

> "An appellate court reviews judgment (based on factual proof), not the reasons which may be given in their support. It is only common sense that if, on the record before us, we determine that the judgment is (incorrect, it should not) be affirmed, regardless of the * * * reasons which may be given to support it." (Pars. added.) Continental Ore Co. v. Union Carbide and Carbon Corp., 289 F.2d 86, 89 (9 Cir., 1961), rev. on other grounds, 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed. 2d 777 (1961).

In light of the foregoing, remand of this case should be made, with direction to the District Court to make findings of fact in respect to amounts due on each of the "accounts" at issue in this action, and enter judgment for the total amount thereof, with interest allowable according to law, together with costs.

On Motion for Rehearing.

PER CURIAM.

From the record before us and the memorandum opinion of the District Court, found at 224 F.Supp. 485, conduct of appellee is revealed which we consider

to be tantamount to proof of fraud appearing on the face of the record in this case.

However, it is not clear from this record that such issue of fraud can, as a matter of law, be made applicable to each of claims of indebtedness for which appellant here seeks recovery.

Appellee, by his motion for rehearing, suggests that "remand" of this case be now made so that "the Trial Judge" be allow(ed) to make specific findings of fact" in respect to each such account "in order to determine whether the rule of fraud as defined by this Court is applicable to" each such claim.

In the interest of justice, the last full paragraph of the opinion is hereby stricken, and the following inserted in lieu thereof:

The order dismissing the plaintiff's complaint is reversed and the cause is hereby remanded with direction to the District Court to make specific findings of fact as to fraud, if any, as established in respect to each of the "accounts" at issue in this action, to hear additional evidence, if necessary in order to support its findings, and enter final judgment accordingly.