**NOVO ENZYME CORPORATION,
Plaintiff,**

v.

**George P. BAKER et al., Defendants.**

**No. 72 Civ. 5223.**

United States District Court,
S. D. New York.

July 11, 1973.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for plaintiff.

William P. Jones, New York City, for defendants.

LASKER, District Judge.

On September 25, 1969, Novo Enzyme entered into an agreement with the Penn Central Transportation Company ("Penn Central") for the purchase of real property located in Westchester County, New York. As a condition of the agreement, Penn Central was obligated to construct a paved road into the property. Title was conveyed on September 30, 1969, and Penn Central was required by the contract to complete the road within a year. On June 21, 1970, Penn Central filed a petition in reorganization in the United States District Court for the Eastern District of Pennsylvania and the court entered its Order #1, the relevant provisions of which enjoined suits against the Penn Central in the following language:

"9) All persons—hereby are restrained and enjoined from—commencing or continuing any proceeding against the Debtor, whether for obtaining or for the enforcement of any judgment or for any other purpose."

On September 15, 1970, the defendants were appointed Trustees of Penn

Central's property. At the time of the filing of the petition and the appointment of defendants as Trustees, Penn Central had not commenced the construction of the road. The defendants (Trustees) moved for authority to affirm the agreement of September 21, 1969, and by Order of the District Court dated December 21, 1970, their application was granted. By letter dated September 10, 1971, the defendants affirmed the agreement and adopted it as their own.

The Trustees now move 1) to dismiss the complaint for lack of jurisdiction on the grounds that the action is subject to the exclusive jurisdiction of the United States District Court for the Eastern District of Pennsylvania, or 2) for an Order transferring the action to that court on the ground that it has primary jurisdiction to administer the affairs of Penn Central and that the Reorganization Court has "already exercised its exclusive jurisdiction in this case and has made it a matter of its judicial concern and control, —".[1]

Novo Enzyme opposes the motion on the ground that it is free, in spite of the provisions of Order #1 of the Reorganization Court, to bring suit against the defendants as Trustees under the provisions of 28 U.S.C. § 959(a) which reads:

"(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury."

The defendants answer that Order #1 constitutes an exercise of the general equity power of the Reorganization Court within the meaning of § 959(a) and that

the suit is, therefore, barred. The question before us is, therefore, the narrow one of determining whether the provisions of Order #1 were intended by the Reorganization Court as an exercise of its undoubted power to enjoin this suit. We hold that the applicable provisions of the Order were not intended to constitute such an exercise of power or to enjoin suits pursuant to 28 U.S.C. § 959(a) against the Trustees "with respect to any of their acts or transactions in carrying on business connected with —" the property of Penn Central. Accordingly, we deny the motions.

There is no doubt that unless the Reorganization Court has barred the suit, it is permissible under 28 U.S.C. § 959(a). As stated in 2 Collier on Bankruptcy, § 23.13 [2] (14th ed.):

"Legal or equitable actions against the Receiver or Trustee may be divided in three classes: (1) suits against the Receiver or Trustee personally for wrongs committed while performing the duties of his office; (2) suits against the Receiver or Trustee in connection with the carrying on of the bankrupt's business subsequent to bankruptcy; and (3) suits against the Receiver or Trustee regarding the property of the bankrupt estate.

"Actions in class (1) may be brought in a District Court sitting at law or in equity where the requisite jurisdictional grounds are present, just as in any other civil action.—Actions in class (2) are in the same category as actions in class (1), and may be brought without the consent of the Bankruptcy Court."

The suit brought here clearly falls within class (2) described by Collier. Accordingly, it is validly brought unless the Reorganization Court has specifically barred it by an order directed to the suit itself or by a general restraint contained in some other order. It is undisputed that the Reorganization Court has

---

1. Defendants do not move to transfer the action under 28 U.S.C. § 1404, and there are no grounds for doing so.

issued no specific order directed to this suit, and defendants rely solely on the language of Order #1. A careful examination of the language of Order #1, however, indicates no intention to exercise the Reorganization Court's powers under 28 U.S.C. § 959(a). The Order contains no reference to this section and appears on examination to be the standard order entered by a Bankruptcy Court at the time of adjudication staying suits on account of any claim that has *theretofore* accrued. This action is not such a suit.

Defendants' reliance on such cases as In re California Eastern Airways, 95 F. Supp. 348 (D.C.Del.1951) and Diners Club Inc. v. Bumb, 421 F.2d 396 (9th Cir. 1970) is misplaced. *California Eastern* was a determination by the Bankruptcy Court itself that a plenary action could not be brought against the Trustees. We do not doubt that the Reorganization Court here has the power to make a similar ruling. The question is whether it has done so, and *California Eastern* casts no light on that question.

We read In re Diners Club Inc. v. *Bumb, supra,* as authority for maintaining, not dismissing or transferring, the suit here. The *Diners Club* court illuminated the difference between a "blanket injunction issued automatically when the receiver or trustee is appointed" and "an injunction against a particular suit" in the following language (421 F.2d at 401):

> "[7] In any event, a blanket injunction issued automatically when the receiver or trustee is appointed is significantly different from an injunction against a particular suit, issued after an independent examination by the reorganization judge. The former involves no exercise of discretion with regard to any specific suit and may properly be regarded as a simple incident of the appointment of the receiver or trustee. Hence it is entitled to no greater weight in subsequent proceedings than the fact of the appointment itself."

Then (reversing the lower court) the Court of Appeals *denied* the motion to bar a suit against Trustees elsewhere than in the Reorganization Court stating (at 401–402):

> "We need not decide whether the scope of the discretion of the judge of the reorganization court is especially narrow when there is question of enjoining a suit permitted by the first sentence of § 959(a). *See* 6 Collier on Bankruptcy ¶3.31 [2], at 650 (14th ed. 1969). For, regardless of the effect of § 959(a), there is a strong policy against enjoining suits in other courts except upon a satisfactory showing that prosecution of the action would embarrass the administration of the debtor's estate. Foust v. Munson S. S. Lines, 299 U.S. 77, 84, 57 S. Ct. 90, 81 L.Ed. 49 (1936); Thompson v. Texas Mexican Ry., 328 U.S. 134, 140–141, 66 S.Ct. 937, 90 L.Ed. 1132 (1946). No such showing has been made here."

Nor do we read the Reorganization Court's own opinions In re Penn Central Transportation Company, 329 F. Supp. 387 (E.D.Pa.1971), aff'd 446 F.2d 1109, or In re Penn Central Transportation Company, 328 F.Supp. 1271 (E.D. Pa.1971) as supporting the Trustees' position. In the former suit, the subject matter of the litigation appears to have ante-dated Penn Central's bankruptcy, and, in any event, was critical to the railroads' operation of its transportation system. Be that as it may, the Reorganization Court stated loud and clear that although it would enjoin the suit brought against trustees

> "Needless to say, this does not involve a determination that the District Court for the Western District of Pennsylvania [the court in which the action was originally brought] is without jurisdiction in the matter. That issue need not be considered; the jurisdiction of the latter court, and many other courts may be assumed."

In the suit reported at 328 F.Supp. 1271, the question was not whether Order #1 barred the proposed action, but whether the Reorganization Court

should enjoin it separately. As the court stated (at 1272):

". . . as the *Diners Club* case cited above makes clear, different presumptions may be applicable to causes of action arising out of the operation of the business by the Trustees, on the one hand, and causes of action which would be provable in bankruptcy on the other. *See* also Thompson v. Texas Mexican Railway Co., 328 U. S. 134, 66 S.Ct. 937, 90 L.Ed. 1132 (1946)."

The right to sue the Trustees on "causes of action arising out of the operation of the business by the Trustees" has been recognized in this Circuit in Vass v. Conron Brothers, 59 F.2d 969 (2d Cir. 1932) L. Hand, J.

To assure that we have not misinterpreted Order #1 of the Reorganization Court, or, if we have not, to enable it to exercise its powers to bar this suit under 28 U.S.C. § 959(a) if it should choose to do so, we are forwarding a copy of this Memorandum Opinion to that court.

The motions to dismiss and to transfer are denied.

It is so ordered.