■ CITY OF NEW YORK, Appellant, v GEORGE P. BAKER et al., Respondents.—Order and judgment, Supreme Court, New York County, Special Term, entered March 18 and 25, 1975, respectively, confirming a referee's determination that without prior leave of the reorganization court the Supreme Court of New York County lacked jurisdiction to entertain claims brought against trustees of a railroad in reorganization, affirmed, without costs and without disbursements. The bulk of the claims being pressed against the trustees are allegedly attributable to breaches of lease agree-

ments relating to the maintenance and repair of piers leased to the debtor, which breaches occurred while the railroad was in reorganization. These leasehold interests predate the filing for reorganization and constitute a form of property of the debtor. Subdivision (a) of section 77 of the Bankruptcy Court Act (US Code, tit 11, § 205, subd [a]) confers exclusive jurisdiction of a debtor's property on the reorganization court. *(Matter of Baldwin, 291 US 610.)* In addition to possessing such jurisdiction the reorganization court has also exercised its general equity powers to protect that exclusive jurisdiction by issuing a universal restraining order which enjoins the initiation of litigation interfering in any way with the debtor's property. Consequently without permission of the reorganization court no other court has jurisdiction to entertain this action. *Grand Cent. Bldg. v New York & Harlem R. R. Co.* (59 AD2d 207) is distinguishable on its facts. Concur—Kupferman, J. P., Markewich and Yesawich, JJ. Silverman, J., dissents in the following memorandum: There appear to be no cases in which Order No. 1 of the reorganization court in the *Penn Central* case has been held to bar a lawsuit arising out of the acts of the trustees in carrying on business with respect to the property, in the absence of a determination by the reorganization court specifically enjoining the particular lawsuit. The United States District Court for the Southern District of New York has held such a lawsuit not barred by Order No. 1. *(Novo Enzyme Corp. v Baker,* 361 F Supp 337; accord *City of New York v Patton,* 390 F Supp 1001.) Accordingly, I would reverse the order appealed from and deny the motion to dismiss the complaint.