**In re SNUG ENTERPRISES, INC.,**
**T/A Guns Unlimited, Debtor.**

**SNUG ENTERPRISES, INC., Plaintiff,**

**v.**

**Roxanne SAGE, Defendant.**

Bankruptcy No. 91–22192–T.
Adv. No. 94–2026.

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

June 13, 1994.

Blair E. Smircina, Kalfus & Nachman, P.C., Norfolk, VA, for debtor.

John D. McIntyre, Willcox & Savage, P.C., Norfolk, VA, for defendant.

## *MEMORANDUM OPINION*

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial was held on May 26, 1994, on debtor plaintiff's complaint to enjoin continuation of defendant's state court action as violative of the automatic stay. The parties stipulated to the facts and presented legal argument at trial. For the reasons stated in this memorandum opinion judgment will be entered for defendant, and the complaint will be dismissed.

### *Findings of Fact*

Debtor filed a voluntary chapter 11 petition on April 11, 1991, and operated as debtor in possession until a plan was confirmed on December 17, 1992.

Defendant's cause of action for wrongful death arose on April 8, 1991. Defendant received no notice of debtor's bankruptcy filing, and debtor included defendant in neither its schedules nor its list of creditors. Defendant had no notice of the bankruptcy

filing on August 22, 1991, the last day to timely file a proof of claim.

Defendant obtained counsel in August 1992 to pursue the wrongful death cause of action. Defendant by counsel filed a motion for judgment in state court on December 9, 1992. Neither defendant nor counsel contacted or provided notice to debtor prior to the filing in state court.

Debtor's plan of reorganization was confirmed December 17, 1992. The plan did not address defendant's claim. On December 30, 1992, debtor filed a suggestion of bankruptcy in defendant's state court wrongful death action. On February 3, 1994, debtor filed the instant complaint.

### Discussion and Conclusions of Law

Debtor seeks to enjoin the continuation of defendant's wrongful death action in state court as violative of the automatic stay. Debtor asserts that defendant's cause of action arose prior to the bankruptcy filing and is therefore discharged pursuant to 11 U.S.C. § 1141(d)(1).[1] Thus, defendant is precluded from pursuing this claim.

Defendant argues that since she did not have notice of the bankruptcy filing, the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(3)(A).[2] Moreover, the automatic stay terminated upon confirmation of debtor's chapter 11 plan. 11 U.S.C. § 362(c)(2)(C). Thus, the case may proceed in state court.

At the outset, defendant's reliance on § 523(a)(3)(A) has no merit since that section applies to "individual" debtors, and this debtor is a corporate entity.

Although "individual" is not defined specifically in the bankruptcy code, the court may infer from other definitions in the code that "individual" does not include partnerships or corporations.

The bankruptcy code's definition of "insider" differentiates between individuals, partnerships and corporations. 11 U.S.C. § 101(31). The code's definition of "person" makes the same distinction. 11 U.S.C. § 101(41). Moreover, the code section which deals with the discharge of a chapter 11 debtor specifies that § 523 is applicable only to individual debtors. See 11 U.S.C. § 1141(d)(2). Thus, contrary to defendant's assertion, § 523(a)'s exceptions to discharge for individual debtors do not apply to corporate chapter 11 debtors.

The Fourth Circuit Court of Appeals has recognized this distinction and determined that it is constitutionally sound. See Beard v. A.H. Robins Co., 828 F.2d 1029, 1031–32 (4th Cir.1987) (code's distinction between individual and corporate chapter 11 debtors is rationally justified).[3] See also American Serv. Co. v. Henderson, 120 F.2d 525, 529 (4th Cir.1941) (same decision under previous Bankruptcy Act).

---

1. This section states:

   Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
   (A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not—
   (i) a proof of the claim based on such debt is filed or deemed filed under section 501 of this title;
   (ii) such claim is allowed under section 502 of this title; or
   (iii) the holder of such claim has accepted the plan; and
   (B) terminates all rights and interests of equity security holders and general partners provided for by the plan.
   11 U.S.C. § 1141(d)(1).

2. This section provides:
   A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does

not discharge an individual debtor from any debt—

   (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
   (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing;
   11 U.S.C. § 523(a)(3)(A).

3. The Supreme Court has held that Congress, in enacting bankruptcy legislation, has broad powers of classification among claimants and debtors, limited only by the standard of rational justification. United States v. Kras, 409 U.S. 434, 446, 93 S.Ct. 631, 638, 34 L.Ed.2d 626 (1973).

■ Thus, the sole issue the court must determine is whether defendant's claim was discharged by the confirmation of debtor's chapter 11 plan. If so, then the defendant may not proceed against the debtor by virtue of the discharge injunction imposed by 11 U.S.C. § 524(a)(2). If the claim is not discharged, defendant may proceed in state court since the automatic stay terminated upon confirmation of debtor's plan.

It is undisputed that defendant had no notice of the bankruptcy filing prior to the bar date for filing proofs of claim. There is also no evidence that debtor attempted to provide notice to any creditors beyond those listed in the bankruptcy schedules.

On its face, 11 U.S.C. § 1141 would appear to permit a claim to be discharged regardless of whether the holder received notice of the case or of the pending confirmation of the plan of reorganization. Consequently, it has been suggested that discharging claims under § 1141 without notice violates Constitutional due process requirements. *See* U.S. Const. Amend. V. *See also* 5 Lawrence P. King, *Collier On Bankruptcy* § 1141.01[4][b], at 1141–15 to –19 (15th ed. 1994).

In fact, the Supreme Court has held that a claim survived confirmation in a reorganization case under the Bankruptcy Act when the holder received notice insufficient to satisfy due process. *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296–97, 73 S.Ct. 299, 300–301, 97 L.Ed. 333 (1953).

■ Due process requires notice that is reasonably calculated, under the circumstances, to apprise an interested party of the pendency of an action. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–58, 94 L.Ed. 865 (1950). For creditors who cannot be reasonably ascertained or those creditors with mere conjectural claims, publication notice can suffice, and it is reasonable to dispense with actual notice. *Tulsa Professional Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565 (1988).

Developing bankruptcy case law surrounding the chapter 11 discharge under § 1141 has drawn such a distinction between creditors who are known or reasonably ascertainable and those who are unknown. Generally, known creditors are entitled to actual notice, and publication notice satisfies due process for unknown creditors. *E.g., Trump Taj Mahal Assocs. v. Alibraham (In re Trump Taj Mahal Assocs.)*, 156 B.R. 928, 938–41 (Bankr.D.N.J.1993) (recent discussion of the notice issues relating to discharge in chapter 11).[4]

The Fourth Circuit Court of Appeals also put the notice issue in the context of bankruptcy when it stated:

> In bankruptcy, the court has an obligation not only to the potential claimants, but also to existing claimants and the petitioner's stockholders. The court must balance the needs of notification of potential claimants with the interest of existing creditors and claimants. A bankrupt estate's resources are always limited and the bankruptcy court must use discretion in balancing these interests when deciding how much to spend on notification.

*Vancouver Women's Health Collective Soc'y v. A.H. Robins Co.*, 820 F.2d 1359, 1364 (4th Cir.1987).

The instant case presented no balancing opportunity for the court since no notice at all was given to potential claimants. Because of the complete lack of notice, I hold that defendant's claim was not discharged by the confirmation order entered December 17,

---

4. At least three courts of appeals have addressed the issue in the context of § 1141. *See Dalton Dev. Project # 1 v. Unsecured Creditors Comm. (In re Unioil)*, 948 F.2d 678 (10th Cir.1991); *Spring Valley Farms, Inc. v. Crow (In re Spring Valley Farms, Inc.)*, 863 F.2d 832 (11th Cir.1989); *Broomall Indus., Inc. v. Data Design Logic Sys., Inc.*, 786 F.2d 401 (Fed.Cir.1986).

It is interesting to note that in each of these cases the debtor gave some sort of notice, and the courts dealt with the sufficiency of that notice in deciding whether a claim would be barred by confirmation of a plan of reorganization.

These cases bolster my ruling here by inference because it follows logically that if some notice can be insufficient to bar a claim, then no notice

**34**

1992. In short, no notice, no discharge.[5]

A separate order will be entered.

at all must be insufficient to bar a claim by confirmation of plan of reorganization.

**5.** The court does not extend this rule of thumb beyond the confines of its ruling, which is concerned only with the discharge of a chapter 11 debtor pursuant to 11 U.S.C. § 1141.